■ MURNANE ASSOCIATES, INC., Appellant, v HARRISON GARAGE PARKING CORP., et al., Defendants, and CITY OF SYRACUSE, Respondent. [659 NYS2d 665] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant City of Syracuse (City) contracted with Continental Webb Realty for the construction of a multilevel parking garage. Continental Webb Realty assigned its contractual rights to Webb/St. James Parking Corporation, which ultimately changed its name to Harrison Garage Parking Corp. (HGPC). Under the contract and a "Turnkey Agreement" with the City, defendant HGPC was to acquire properties in downtown Syracuse, construct the garage and, upon completion of construction, deliver title to the property and garage to the City of Syracuse Industrial Development Agency. The City, which provided all of the funding for the project, retained the right to approve the construction plans and specifications and any changes thereto and to inspect the work. The contract required the City to retain 5% of all construction payment requests until substantial completion of the project.

HGPC subcontracted with plaintiff for construction of the garage. Pursuant to the subcontract, plaintiff submitted requests for progress payments, less 5% retainage. Plaintiff's requests were incorporated in payment requests submitted by HGPC to the City. After HGPC failed to pay plaintiff the amount claimed to be due and owing, plaintiff attempted to file a public improvement lien and claim against HGPC's payment bond. Upon learning that HGPC did not post a payment bond, plaintiff commenced this action against HGPC and the City, among other defendants. With respect to the City, the amended complaint alleges that the City breached its contract with HGPC by failing to withhold the 5% retainage and that plaintiff is a third-party beneficiary of that contractual provision. The amended complaint further alleges that the City failed to require HGPC or its predecessors to post a labor and material payment bond, thereby violating State Finance Law § 137 (1). Supreme Court denied the motion of plaintiff for partial summary judgment and granted the cross motion of the City for summary judgment dismissing the amended complaint against it.

The court erred in dismissing that part of the amended complaint alleging that the City breached its contractual obligation to retain 5% of the progress payments to HGPC. The court

should have granted plaintiff partial summary judgment on liability on that claim. The evidence establishes that the City breached its contractual duty to retain 5% of the progress payments made to HGPC, and plaintiff is a third-party beneficiary of that contractual duty (*see, Avco Delta Corp. Canada v United States*, 484 F2d 692, 703, *cert denied sub nom. Canadian Parkhill Pipe Stringing v United States* 415, US 931).

Plaintiff also sought summary judgment on its retainage claim on the ground that the City failed to perform its duty to retain as mandated by General Municipal Law § 106-b. That section, however, creates no private cause of action for a municipality's failure to retain, and no such cause of action may be implied. Subdivision (2) of section 106-b provides in relevant part: "Nothing provided herein shall create any obligation on the part of the public owner to pay or to see to the payment of any moneys to any subcontractor or materialman from any contractor nor shall anything provided herein serve to create any relationship in contract or otherwise, implied or expressed, between the subcontractor or materialman and the public owner." We reject plaintiff's contention that the above language applies only to the contractor's duty to retain, which is the focus of subdivision (2), not to the municipality's duty to retain, which is the focus of subdivision (1). That language demonstrates that the Legislature, in requiring public owners and their contractors to retain a percentage of progress payments pending substantial completion of the project, did not intend to impose any liability upon public owners for their failure or the failure of their contractors to retain moneys pursuant to section 106-b.

The court properly dismissed that part of the amended complaint alleging that the City failed to require HGPC to post a labor and material payment bond pursuant to State Finance Law § 137. Pursuant to that section, in any contract involving the construction of a public improvement, the municipal corporation must require each contractor to post a labor and material payment bond. In the circumstances of this case, the parking garage does not constitute a public improvement.

In order to constitute a public improvement, the land where the work specified in the contract is to be completed must be owned by the State or a public corporation at the time that contract is executed (*see*, Lien Law § 2 [7] ["public improvement" is "an improvement of any real property *belonging* to the state or a public corporation" (emphasis supplied)]). Here, the record establishes that the City did not own the land when the contract was executed.

Plaintiff's reliance on State Finance Law § 137 (1) is misplaced. Because this project is a turnkey agreement, the City did not own the property prior to its formal approval of the project. It certainly did not own the property at the time that plaintiff, as general contractor, entered into a contract with the developer to build the garage. Indeed, plaintiff signed documents acknowledging that fact. Thus, because plaintiff did not enter into an agreement with a municipality, plaintiff was entitled to the benefits provided it under the Lien Law and nothing more. State Finance Law § 137 (1) was enacted to provide protection in instances where contractors are denied Lien Law protection (*see, Davidson Pipe Supply Co. v Wyoming County Indus. Dev. Agency*, 85 NY2d 281, 285; *Chittenden Lbr. Co. v Silberblatt & Lasker*, 288 NY 396, 402). If plaintiff had wanted the additional protection of a payment bond, it should have placed that requirement in its contract.

We reject the dissent's conclusion that the holding of the Court of Appeals in *Davidson Pipe Supply Co. (supra)* mandates a contrary result. In *Davidson*, title to the land to be improved was in a public corporation when the contract was executed. Because the project was for the benefit of a privately owned company and was not for a public purpose, the Court held that it did not qualify as a public improvement. Nothing in the Court's decision indicates that State Finance Law § 137 (1) would apply where the title owner of the real property was not a municipality.

Plaintiff is also entitled to summary judgment dismissing the City's counterclaim, which alleged that plaintiff failed to construct the garage in accordance with codes "sufficient to obtain a certificate of occupancy." The City admits that it issued a Certificate of Substantial Completion and a Certificate of Occupancy. Thus, the counterclaim has no merit.

We further conclude that the action was timely commenced within one year and 90 days from the date on which final payment was due and that plaintiff complied with the notice of claim requirements of General Municipal Law § 50-e and Syracuse City Charter § 8-115 (2). We have reviewed the remaining contentions of the parties and conclude that they are without merit.

Consequently, we modify the order by granting in part the motion of plaintiff for partial summary judgment on liability to the extent that the City breached its contractual obligation to retain 5% of the progress payments made to HGPC and by denying in part the cross motion of the City to that extent. We further modify the order by dismissing the counterclaim.

All concur except Balio, J., who dissents in part in the following Memorandum.

Balio, J. (dissenting in part). I respectfully dissent in part. I disagree with the majority's analysis of *Davidson Pipe Supply Co. v Wyoming County Indus. Dev. Agency* (85 NY2d 281) and with the majority's conclusion that the construction of the public parking garage was not a public improvement within the meaning of State Finance Law § 137 (1).

Section 137 provides that, in any contract involving the construction of a public improvement, the municipal corporation must require each contractor to post a labor and material payment bond. The purpose of that requirement is to provide "alternative protection for projects *determined to be* 'public improvements' by requiring the posting of a bond to guarantee payment" to those who furnish labor and materials (*Davidson Pipe Supply Co. v Wyoming County Indus. Dev. Agency, supra,* at 285 [emphasis added]). Section 137 does not define "public improvement". The majority, relying upon the definition of "public improvement" in Lien Law § 2 (7), concludes that the land where the work is to be performed must be owned by the State or a public corporation at the time the contract is executed. There is no support for that proposition in *Davidson.* To the contrary, the Court in *Davidson* stated that, in determining whether a particular project constitutes a public improvement within the meaning of section 137, the fact of temporary ownership is not controlling (*see, Davidson Pipe Supply Co. v Wyoming County Indus. Dev. Agency, supra,* at 286). Further, the Court observed that, because Lien Law § 2 (7) defines "public improvement" solely in the context of ownership, the characterization of a "public improvement" in that section is inconsistent "with [the Court of Appeals'] characterization of [a public improvement under] section 137 of the State Finance Law as focused upon [public]-sponsored work" (*Davidson Pipe Supply Co. v Wyoming County Indus. Dev. Agency, supra,* at 287; *see also, Chittenden Lbr. Co. v Silberblatt & Lasker,* 288 NY 396, 402). Consequently, because the analysis of the majority is based upon its misplaced reliance on the definition of "public improvement" in Lien Law § 2 (7), the majority's holding with respect to State Finance Law § 137 is fatally flawed.

Instead, the Court of Appeals has determined that the definitions of "public improvement" in General City Law § 20-e (2) (b) and County Law § 850 (2) (b), which include a public garage, are consistent with the focus of section 137 on public-sponsored work (*see, Davidson Pipe Supply Co. v Wyoming County Indus. Dev. Agency, supra,* at 286-287). There is no question that the

construction of the subject parking garage was public-sponsored. Defendant City of Syracuse (City) authorized and funded the entire project. Further, upon completion, ownership of the parking garage was to be transferred to the City's industrial development agency, thereby indicating that the intended beneficiary of the project is a public benefit corporation. Thus, contrary to the majority's view, the Court's analysis in *Davidson* unmistakably indicates that State Finance Law § 137 applies where, as here, the project is public-sponsored, involves the construction of a public facility and the intended beneficiary is a public corporation, irrespective of whether the land is temporarily owned publicly or privately.

Plaintiff contends that, because the parking garage is a public improvement, a private right of action may be maintained against the City for its failure to require HGPC to post a labor and material payment bond. Although State Finance Law § 137 does not explicitly create a private right of action for the failure to require contractors to post a payment bond, I conclude that such a right of action may be implied. To determine whether the Legislature intended to create a private right of action, the court must consider " '(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme' " (*Carrier v Salvation Army*, 88 NY2d 298, 302, quoting *Sheehy v Big Flats Community Day*, 73 NY2d 629, 633). The City concedes that the first two criteria have been met in this case but contends that the third has not. With respect to the third criterion, the City contends that, because the statute provides for claims against payment bonds but does not provide for claims based on the failure to require the posting of a bond, the Legislature expressed an intent to exclude such a private right of action. I disagree. Had the Legislature intended to preclude a private right of action against municipalities, it could have so stated, as it did in General Municipal Law § 106-b (2) and Lien Law § 2 (7). The purpose of section 137 is to protect subcontractors and materialmen in situations in which contractors default on public improvement projects (*see, Chittenden Lbr. Co. v Silberblatt & Lasker, supra*, at 402), by providing additional protection above and beyond that afforded by the Lien Law (*see, Pennex Aluminum Co. v International Fid. Ins. Co.*, 818 F Supp 772). "By the enactment of the additional bond scheme, the Legislature sought to remedy the lack of protection given by the Lien Law to those who furnish materials in connection with State contracts" (*Davidson Pipe Supply*

*Co. v Wyoming County Indus. Dev. Agency, supra,* at 285). Recognition of a private right of action is therefore consistent with the legislative intent to protect subcontractors when the contractor defaults (*see, Davidson Pipe Supply Co. v Wyoming County Indus. Dev. Agency,* 156 Misc 2d 989, 993-996, *revd on other grounds* 196 AD2d 240, *affd* 85 NY2d 281, *supra*).

Thus, I dissent in part and vote to modify the order by denying the City's cross motion for summary judgment in its entirety and granting in part plaintiff's motion, dismissing the City's affirmative defenses and counterclaim and awarding partial summary judgment to plaintiff on its contractual retainage and State Finance Law § 137 causes of action. (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Summary Judgment.) Present—Denman, P. J., Green, Lawton, Balio and Fallon, JJ.