██ MOUNT VERNON CITY SCHOOL DISTRICT, Respondent, v NOVA CASUALTY COMPANY, Appellant, et al., Defendant. [910 NYS2d 922]—In an action to recover damages for breach of contract, the defendant Nova Casualty Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), entered August 4, 2008, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Scheinkman, J.), entered August 19, 2009, as, upon a jury verdict on the issue of liability, and upon a decision of the same court dated July 27, 2009, on the issue of damages, made upon stipulated facts, failed to award it an attorney's fee, and the defendant Nova Casualty Company cross-appeals, as limited by its brief, from so much of the same judgment as, upon an order of the same court entered August 4, 2008, denying its mo-

tion for summary judgment dismissing the complaint insofar as asserted against it, upon the jury verdict on the issue of liability, and upon the decision dated July 27, 2009, is in favor of the plaintiff and against it in the principal sum of $105,710.90.

Ordered that the judgment is affirmed, without costs or disbursements.

On December 22, 2003, the plaintiff Mount Vernon City School District (hereinafter Mount Vernon) entered into a contract with the defendant DJH Mechanical Associates, Ltd. (hereinafter DJH), pursuant to which DJH agreed to provide heating, ventilation, and air conditioning system work for a project at the A.B. Davis Middle School. Shortly thereafter, DJH procured a performance bond from the defendant Nova Casualty Company (hereinafter Nova).

Ultimately, DJH failed to complete the contract. After Nova refused to perform under the bond, Mount Vernon completed the work on its own. Mount Vernon commenced this action against Nova and DJH alleging, inter alia, that Nova breached the performance bond.

Contrary to Nova's contention, the Supreme Court properly denied its motion for summary judgment dismissing the complaint insofar as asserted against it. Nova failed to establish its entitlement to judgment as a matter of law on its defense that Mount Vernon's $214,000 payment to the New York State Department of Labor (hereinafter DOL) discharged Nova of its obligation under the performance bond (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). It is undisputed that DJH earned the $214,000 as a progress payment for work it performed under the contract. Mount Vernon paid the money over to DOL at DJH's request in response to a notice of cross-withholding. Relying on *Matter of RLI Ins. Co., Sur. Div. v New York State Dept. of Labor* (97 NY2d 256 [2002]), Nova contended that since the funds were used to pay claims on an unrelated project involving another school district, the $214,000 payment constituted a forbidden diversion of trust fund assets under article 3-A of the New York Lien Law. However, *Matter of RLI Ins. Co.* "deal[t] only with the priority of entitlement to funds held by the owner as against that of a fully paying and performing surety, as subrogee of both the owner and article 3-A trust beneficiaries" (*id.* at 266). Here, it is undisputed that Nova was not a fully paying and performing surety in that it never undertook to complete DJH's performance on the contract. Thus, it did not succeed to the rights of the owner or the Lien Law article 3-A trust beneficiaries (*compare Caristo Constr. Corp. v Diners Fin. Corp.*, 21 NY2d 507 [1968]).

Further, since the $214,000 represented a sum earned by DJH as a progress payment under the contract, Nova failed to establish, as a matter of law, that by paying the money over to DOL, Mount Vernon breached the payment terms of the performance bond or the contract. Likewise, Nova did not establish its entitlement to judgment as a matter of law on its defense that the $214,000 payment violated General Municipal Law § 106-b (1). While this section of the General Municipal Law entitles a public owner to withhold funds, the statute does not create a "private cause of action for a municipality's failure to retain" such funds (*Murnane Assoc. v Harrison Garage Parking Corp.*, 239 AD2d 882, 883 [1997]). For these same reasons, the Supreme Court properly concluded that Nova's obligation under the performance bond was not discharged by virtue of the $214,000 payment.

The Supreme Court also properly determined that Mount Vernon was not entitled to recover from Nova the attorney's fees expended in litigating this action. "Attorneys' fees and disbursements are incidents of litigation which the prevailing party may not collect from the loser unless such an award is authorized by agreement between the parties, by statute, or by court rule" (*Siamos v 36-02 35th Ave. Dev., LLC*, 54 AD3d 842, 842 [2008]; *see U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597-598 [2004]). Since "a promise by one party to a contract to indemnify the other for attorney's fees incurred in litigation between them is contrary to the well-understood rule that parties are responsible for their own attorney's fees, the court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 492 [1989]). Here, neither the contract nor the performance bond contain "unmistakably clear" (*id.* at 492) language obligating Nova to reimburse Mount Vernon for its attorney's fees in this litigation (*see United States Fid. & Guar. Co. v Braspetro Oil Servs. Co.*, 369 F3d 34, 75-77 [2004]).

The parties' remaining contentions are without merit. Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.