County Wide Flooring, Corp., Plaintiff,

against
Town of Huntington, WENGER CONSTRUCTION CO., INC. and HANOVER INSURANCE CO., Defendants.


4943-14 

KILLORAN LAW, P.C.
Attorney for Plaintiff
132-13 Main Street
Westhampton Beach, New York 11978
HARRIS BEACH PLLC
Attorneys for Defendant Town of Huntington
445 Hamilton Avenue, Suite 1206
White Plains, New York 10601


Elizabeth H. Emerson, J.

Upon the following papers numbered 1-15 read on this motionfor summary judgment ; Notice of Motion and supporting papers 1-11 ; Notice of Cross Motion and supporting papers; Answering Affidavits and supporting papers 12-13 ; Replying Affidavits and supporting papers14-15 ; it is,
ORDERED that this motion by the defendant Town of Huntington for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff entered into a subcontract with the defendant Wenger Construction Co., Inc. ("Wenger") to install flooring and perform related work in connection with the expansion of an ice rink in Dix Hills Park in the Town of Huntington (the "Town"). The defendant Hanover Insurance Co. ("Hanover") issued a payment bond for the project. The plaintiff alleges that Wenger and the Town owe it $147,930.87 in connection with the work that it performed. By an order of this court dated October 8, 2015, the complaint was dismissed as time-barred insofar as asserted against Wenger and Hanover. The Town now moves for summary judgment dismissing the complaint on the ground that the plaintiff may not maintain a claim for quantum meruit or unjust enrichment against it.
When, as here, there is an express contract between the general contractor and the subcontractor, the owner of the subject premises may not be held directly liable to the subcontractor on a theory of implied or quasi-contract unless the owner has, in fact, assented to such an obligation (Contelmo's Sand & Gravel, Inc. v J & J Milano, Inc., 96 AD2d 1090). The mere fact that the owner has consented to the improvements provided by the subcontractor and accepted their benefit does not render the owner liable to the subcontractor, whose sole remedy lies against the general contractor (Id.).
It is undisputed that there is no privity of contract between the plaintiff and the Town and that the plaintiff's contract was with Wenger. Contrary to the plaintiff's contentions, the subcontract with Wenger bars any claim against the Town sounding in quantum meriut or unjust enrichment (Diontech Consulting, Inc. v New York City Housing Auth., 2009 NY Slip Op 33312[U] at 8-9 [and cases cited therein], affd 78 AD3d 527). Moreover, the record does not reflect that the Town expressed a willingness to pay the plaintiff for the work it performed at the ice rink (see, Perma Pave Contr. Corp. v Paerdegate Boat and Racquet Club, Inc., 156 AD2d 550, 551).
The plaintiff's reliance on General Municipal Law § 106-b is misplaced. That section merely sets forth the procedure for payment by public owners of property to contractors and for payment by contractors to subcontractors. It does not create a private cause of action, nor does it impose any liability upon public owners for the their failure or the failure of their contractors to comply therewith (see, Murnane Assocs. v Harrison Garage Parking Corp., 239 AD2d 882, 883). Subdivision (2) of § 106-b expressly provides, "Nothing provided herein shall create any obligation on the part of the public owner to pay or to see to the payment of any moneys to any subcontractor or materialman from any contractor nor shall anything provided herein serve to create any relationship in contract or otherwise, implied or expressed, between the subcontractor or materialman and the public owner." Accordingly, the motion is granted, and the complaint is dismissed insofar as asserted against the Town.
Dated:July 26, 2017 
J.S.C.