■ ANTONIO GUZMAN, Appellant, v ESTATE OF EDSEL B. FLUKER et al., Respondents. [641 NYS2d 721] —In an action to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated November 10, 1994, which denied his motion to dismiss the counterclaim of the defendants Estate of Edsel B. Fluker and Faustina Nischk for damages pursuant to Lien Law § 39-a for willful exaggeration of the mechanic's lien.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion to dismiss the counterclaim of the defendants Estate of Edsel B. Fluker and Faustina Nischk for damages pursuant to Lien Law § 39-a for willful exaggeration of the mechanic's lien is granted.

The plaintiff commenced this action to foreclose a mechanic's lien filed on properties owned by the decedent Edsel B. Fluker for an amount allegedly owed on a renovation contract. In their answer, the defendants Estate of Edsel B. Fluker and Faustina Nischk, the executor of the estate, alleged, *inter alia,* as an affirmative defense that the plaintiff willfully exaggerated the amount of the lien, and they sought damages in the amount of the lien. The defendants subsequently moved to

cancel the lien based on the plaintiff's failure to furnish a verified, itemized statement of the labor and materials involved. The motion was granted in September 1993 upon the plaintiff's default, and the lien was cancelled.

In November 1993, the plaintiff sought reinstatement of the lien contending that his default on the prior motion was excusable and that the defendants failed to comply with Lien Law § 38 in their demand for an itemized statement. The defendants cross-moved to amend their answer to include a counterclaim pursuant to Lien Law § 39-a for damages for willful exaggeration of the lien. The court, in an order dated March 2, 1994, denied the plaintiff's motion to reinstate the lien on the ground that he failed to allege in his complaint that he was licensed as a home improvement contractor (see, CPLR 3015 [e]). The defendants' motion to amend their answer was granted without any opposition by the plaintiff.

The defendants' claim for damages for willful exaggeration of the lien was referred to a Judicial Hearing Officer upon the consent of the parties. The hearing commenced on August 2, 1994, and was adjourned to November 17, 1994. In September 1994, the plaintiff moved pursuant to CPLR 3212 for summary judgment dismissing the counterclaim on the ground that damages may only be awarded under Lien Law § 39-a if the lien was declared void on account of willful exaggeration. The motion was referred by the Judicial Hearing Officer to the Supreme Court for determination. In the order appealed from, the court denied the plaintiff's motion as untimely because he failed to oppose the defendants' motion to amend their answer and because he stipulated to submit the claim to a Judicial Hearing Officer. We now reverse.

Contrary to the Supreme Court's determination, the plaintiff's motion for summary judgment dismissing the counterclaim cannot be considered untimely based on his failure to oppose the defendants' motion to amend their answer. Once the amended answer was served, the plaintiff was entitled to move for summary judgment dismissing the counterclaim on the merits. A motion for summary judgment should not be denied solely on the ground that it is made on the eve of trial, particularly where the motion is meritorious (see, e.g., *Kule Resources v Reliance Group,* 49 NY2d 587; *676 R.S.D. v Scandia Realty,* 195 AD2d 387; *Carvel Corp. v Burstein,* 99 AD2d 935, *affd* 62 NY2d 638). Moreover, the plaintiff's consent pursuant to CPLR 4317 (a) to refer the counterclaim to a Judicial Hearing Officer for determination did not constitute a stipulation as to the validity of the claim.

We conclude that the Supreme Court should have granted the plaintiff's motion for summary judgment dismissing the counterclaim as a matter of law. Pursuant to Lien Law § 39, the court may declare a lien void and deny recovery if the lienor has willfully exaggerated the amount claimed. Lien Law § 39-a provides that where the court has declared a lien void "on account of wilful exaggeration the person filing such notice of lien shall be liable in damages to the owner or contractor". Lien Law § 39-a is penal in nature, and therefore it must be strictly construed in favor of the person upon whom the penalty is sought to be imposed (*see, Goodman v Del-Sa-Co Foods,* 15 NY2d 191, 195). Lien Law §§ 39 and 39-a must be read in tandem, and damages may not be awarded under section 39-a unless the lien has been discharged for willful exaggeration (*see, Joe Smith, Inc. v OtisCharles Corp.,* 279 App Div 1, *affd* 304 NY 684; *Matter of Mohawk Frozen Foods v Nole & Sons,* 780 F2d 7; *cf., Goodman v Del-Sa-Co Foods, supra; Westbury S & S Concrete v Manshul Constr. Corp.,* 212 AD2d 596).

Here, the lien was discharged for failure to comply with a demand for an itemized statement. Although the claim of willful exaggeration was raised as an affirmative defense in the defendants' original answer, they did not seek an adjudication of that issue prior to discharge of the lien (*see, e.g., Durand Realty Co. v Stolman,* 197 Misc 208, *affd* 280 App Div 758 [it is well settled that the fact of willful exaggeration must be established in the trial of the foreclosure action]). The court's subsequent denial of the plaintiff's request to reinstate the lien was based on a defect on the face of the complaint—i.e., the failure to allege that the plaintiff was licensed—and no finding was made that the lien was void due to willful exaggeration. The Legislature intended the remedy in Lien Law § 39-a to be available only where the lien was valid in all other respects and was declared void by reason of willful exaggeration after a trial of the foreclosure action (*see, Joe Smith, Inc. v OtisCharles Corp., supra).* Since the defendants succeeded in obtaining a discharge of the lien prior to trial, the foreclosure action was terminated and "thereafter the court was without authority to declare the lien void on account of willful exaggeration" (*Joe Smith, Inc. v OtisCharles Corp., supra,* at 5). O'Brien, J. P., Ritter, Hart and Goldstein, JJ., concur.