■ PAMCO INDUSTRIES, INC., Plaintiff, v MPAC, INC., et al., Defendants. (Action No. 1.) PAMCO INDUSTRIES, INC., Plaintiff and Third-Party Plaintiff-Respondent, v MEDICAL PLAZA AS-

SOCIATES et al., Defendants. NICOLOSI & SCIACCA et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant. (Action No. 2.) [647 NYS2d 250] —In an action to foreclose a mechanic's lien, in which the defendant has asserted a counterclaim for money damages against the plaintiff, the third-party defendants Nicolosi & Sciacca, Vincent F. Nicolosi, and Joseph J. Sciacca, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mc-Cabe, J.), entered January 25, 1995, as denied their motion to dismiss the third-party complaint insofar as asserted against them by the plaintiff in its status as defendant on the counterclaim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the third-party complaint is dismissed insofar as asserted against the appellants.

The counterclaiming defendant Medical Plaza Associates (hereinafter MPA), obtained partial summary judgment against the plaintiff Pamco Industries, Inc. (hereinafter Pamco), with respect to its second counterclaim. This counterclaim alleged that Pamco had willfully exaggerated the amount stated in its lien (*see,* Lien Law § 39-a). Pamco initially appealed from the order and subsequent judgment, which partially granted MPA's motion for summary judgment on their second counterclaim. However, these appeals were dismissed for lack of prosecution by decisions and orders on motions dated January 17, 1996, and February 16, 1996, respectively. Pamco also commenced a third-party action against its former attorneys, the appellants herein, on the theory that the appellants were in whole, or in part, liable for the damages to be paid by Pamco with respect to MPA's second counterclaim.

We agree with the appellants that MPA's second counterclaim was baseless and that Pamco should not have been held liable pursuant to Lien Law § 39-a based on its alleged exaggeration of the amounts stated in its mechanic's lien where the lien in question had been discharged for procedural reasons unrelated to the supposed exaggeration (*see, Guzman v Estate of Fluker,* 226 AD2d 676; *Joe Smith, Inc., v Otis-Charles Corp.,* 279 App Div 1, *affd* 304 NY 684; *In re Mohawk Frozen Foods,* 780 F2d 7). Pamco may well have been entitled to vacatur of the judgment entered against it had it pursued the appeals from the order and judgment noted above. However, Pamco may not be granted any relief as to the second counterclaim at this juncture (*see, Bray v Cox,* 38 NY2d 350; *Feeley v Midas*

*Props.,* 221 AD2d 314; *see also, Frank v City of New York,* 211 AD2d 478; *Mercedes-Benz Credit Corp. v Dintino,* 198 AD2d 901; *Marshall v New York City Health & Hosps. Corp.,* 186 AD2d 542; *Conroy v Swartout,* 135 AD2d 945), including indemnification by way of the instant third-party action. Accordingly, the appellants' motion is granted. Bracken, J. P., Santucci, McGinity and Luciano, JJ., concur.