■ EVANGELOS STAMATOPOULOS, Respondent, v BENJAMIN KARASIK, Appellant. [656 NYS2d 432] —Casey, J. Appeal from a judgment of the Supreme Court (Aison, J.), entered August 23, 1995 in Montgomery County, upon a decision of the court in favor of plaintiff.

Defendant owned approximately 750 acres of real property in the Town of St. Johnsville, Montgomery County, which he sought to have broken up and sold in small portions. Defendant used the real estate firm of Cobleskill Country Boy Realty (hereinafter Country Boy), which was owned by Alton Makely. In the fall of 1988, Henry Donohue and Paulette Donohue, brokers for Country Boy, showed plaintiff the property, includ-

ing two lots measuring a little over 10 acres that were divided by New Turnpike Road. On the smaller lot, located on the north side of New Turnpike Road, was a house in a state of disrepair and a narrow farm road leading to the acreage behind the premises.

Soon after viewing the property, plaintiff entered into a contract with defendant to purchase the two lots for $35,000. Although the contract specifically reserved the farm road as a right-of-way, it was silent as to its width. Plaintiff was required to pay $500 upon signing the contract and an additional $3,000 upon defendant's acceptance of the offer. Plaintiff paid these amounts as well as an additional $6,500 which, although not due until transfer of title, was paid so plaintiff could take possession and commence repair work on the house prior to closing. Having been given permission to do so, plaintiff, among other things, put a new roof on the house, replaced windows, sheetrocked walls, did electrical work and removed rubbish. The Donohues observed these repairs and informed Makely of such on a regular basis.

Eventually, a proposed deed was sent to plaintiff in contemplation of closing which, for the first time, specifically indicated the width of the right-of-way to be 50 feet. As a result of the dispute over the size of the right-of-way, the matter did not close as expected. In September 1989, defendant's attorney informed plaintiff that defendant was still willing to close, although the 50-foot right-of-way was nonnegotiable.

Plaintiff commenced this action seeking rescission and damages as a result of defendant's alleged breach thereof. Several months later plaintiff filed a mechanic's lien against the property. In December 1990, plaintiff was evicted from the property and his possessions were converted.

Following a nonjury trial, Supreme Court found, *inter alia*, that the contract right-of-way provision was ambiguous and the extrinsic evidence established that the reference therein was to the farm road as it existed, which was 15 feet, and, therefore, defendant arbitrarily breached the contract by refusing to close without a larger right-of-way. The court also determined that defendant was unjustly enriched by plaintiff's labor and improvements to the property. The court further concluded that plaintiff did not have a mechanic's lien thereon due to an untimely filing and that defendant had failed to sustain his burden of proof as to his counterclaim for willful exaggeration of the mechanic's lien. A judgment was entered in plaintiff's favor from which defendant now appeals.

Defendant initially contends that because a Town ordinance

requires a minimum width of 50 feet for a dedicated public street and he intended to develop the acreage behind the subject parcel, a 15-foot right-of-way could not have been the intention of the parties. Given that the written contract is silent as to the width of the right-of-way, the parties' intent is to be ascertained by the trier of fact (*see, Matter of Koch v Specto Optical*, 184 AD2d 701, 703) by taking into consideration the surrounding circumstances that existed at the time the contract was entered into (*see, Wilson v Ford*, 209 NY 186, 196; *Sordi v Adenbaum*, 143 AD2d 898, *lv denied* 74 NY2d 603; *Matter of Doniger v Rye Psychiatric Hosp. Ctr.*, 122 AD2d 873, 877-878, *lv denied* 68 NY2d 611).

At the time plaintiff viewed the property and up to his signing of the contract of sale in October 1988, defendant's agents represented to plaintiff that the farm road would remain as a right-of-way, but that it would be no wider than that which was observed at the time, i.e., approximately 15 feet. A preliminary survey used by the Donohues in showing the property did not indicate any dimensions to a right-of-way. While plaintiff was agreeable to a farm road easement, he did not want to lose any of his yard or change the nature of the property by making the right-of way any wider than observed and he conveyed this concern to the Donohues. The dimensions of the right-of-way, a subject which defendant admittedly never discussed with Makely, were not made clear until a December 1988 revised survey.

The existence of the Town ordinance does not change the parties' intent. Even if plaintiff knew about the ordinance and defendant's purpose in purchasing the land, and the record indicates otherwise, there is no reason for plaintiff to believe, or even consider, that this was the only location for such a highway. In fact, there was specific testimony by defendant and the Donohues that several other options existed to provide access to the remaining property. In light of the circumstances as disclosed to plaintiff, a right-of-way based upon a continued use of the farm road's past use was reasonable.

Nor do we find, as defendant contends, that plaintiff's alleged receipt of the proposed deed containing the 50-foot right-of-way and his continued presence on the property resulted in an implied ratification of defendant's position and a waiver of any claim to the contrary. By defendant's own admission, the right-of-way issue was in dispute very early after the parties entered into the contract. By the time plaintiff received the documents indicating that the right-of-way was 50 feet, he had already commenced work on the property and had paid the ad-

ditional $6,500 to Country Boy for being permitted to do so. Plaintiff was not told to cease work, however, until September 1989.

Defendant also claims error with Supreme Court's finding that he was unjustly enriched by plaintiff's improvements to the property. Defendant bases his contention on the claim that because the right-of-way was properly 50 feet any enrichment cannot be unjust. As we have specifically rejected the arguments forming the basis of defendant's claim, it must fail. In any event, the evidence establishes that plaintiff was authorized to perform work on the property, he did so with defendant's knowledge and consent and in reliance on the contract to purchase the premises, and, as defendant's agents testified, plaintiff paid $6,500 as additional consideration. As a result of plaintiff's improvements to the house, the fair market value of the property increased to $55,000. In these circumstances, Supreme Court did not err in finding that defendant received a benefit from plaintiff that he should not be permitted to retain (see generally, 22A NY Jur 2d, Contracts, §§ 512-518, at 226-240).

Finally, defendant is not entitled to damages under Lien Law § 39-a as the lien was discharged as a result of untimeliness and not willful exaggeration (see, Guzman v Estate of Fluker, 226 AD2d 676, 678). In any event, defendant has failed to sustain his burden of proving that plaintiff willfully exaggerated the amount of his lien (see, Goodman v Del-Sa-Co Foods, 15 NY2d 191, 194).

Mikoll, J. P., Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.