*440 OPINION OF THE COURT
Marvin E. Segal, J.
The instant controversy arose from a construction contract pursuant to which the defendant J.M. Dennis Construction Corporation (Dennis) agreed to construct a dormitory for the defendant Hofstra University. On or about October 15, 1997, the plaintiff entered into a written “Purchase Order” agreement with Dennis wherein plaintiff agreed to perform a portion of the prime contract work for the agreed-on price of $580,000. Plaintiffs complaint alleges that the contract price was adjusted and fixed at the sum of $592,931.79, and that all work was completed by plaintiff and accepted as completed by Dennis.
On November 9, 1998, plaintiff filed a notice of mechanic’s lien in the sum of $391,425.46. On December 7, 1998, plaintiff filed a notice of mechanic’s lien in the sum of $202,289.42. On December 1, 1998, the plaintiff executed a release of the November 9, 1998 lien. Said release was not filed until December 14, 1998. For a period of one week, both liens were on file.
The plaintiff commenced the instant action on December 22, 1998. Plaintiffs first cause of action seeks the balance due on the adjusted contract price of $33,321.21; plaintiffs second cause of action seeks damages for extra work performed by plaintiff at Dennis’ request in the sum of $23,104.32; plaintiffs third cause of action alleges that Dennis’ various contractual breaches caused the plaintiff to incur unanticipated costs in performing its obligations under the contract in the sum of $145,863.96; plaintiffs fourth cause of action seeks to foreclose the mechanic’s lien in the sum of $202,289.42.
Dennis posted a bond at a cost of $4,500, and obtained a discharge of the mechanic’s lien by order dated January 19, 1999. The defendants’ answer dated January 20, 1999 sets forth an affirmative defense and three counterclaims sounding in gross exaggeration of a lien in violation of Lien Law § 39-a. The affirmative defense alleges that the lien is void, and the counterclaims seek statutory damages in an amount equal to the difference between the amount stated in the notice of lien and the amount actually due, together with the cost of the bond given to obtain discharge of the lien, and reasonable attorney’s fees.
The defendants contend that the plaintiff was not entitled, pursuant to Lien Law § 4, to a lien for plaintiff’s damages consisting of lost profits set forth in plaintiffs third cause of ac *441 tion. The defendants contend that plaintiff’s inclusion, in its notice of lien of unanticipated costs incurred by plaintiff due to Dennis’ breach, constitutes a willful exaggeration of plaintiff’s lien.
The defendants now move for summary judgment dismissing plaintiff’s fourth cause of action to foreclose its lien and for summary judgment on defendants’ counterclaims in the sum of $145,863.96 together with the cost of Dennis’ bond and reasonable attorney’s fees.
The law is well settled that an owner cannot, absent fraud, be compelled to pay any greater sum for the completion of a construction project than the agreed-upon contract price, and that, accordingly, the Lien Law only permits subcontractors to obtain a mechanic’s lien upon the owner’s real property and improvements in an amount which must not exceed the amount the owner had contracted to pay (see, Lien Law § 4; Davidson Pipe Supply Co. v Wyoming County Indus. Dev. Agency, 85 NY2d 281; Heckmann v Pinkney, 81 NY 211; Crane v Genin, 60 NY 127; Care Sys. v Laramee, 155 AD2d 770). A claim for damages consisting of lost profits may not be included in a mechanic’s lien (see, Goldberg-Raabin, Inc. v 74 Second Ave. Corp., 252 NY 336; Schenectady Homes Corp. v Greenside Painting Corp., 37 NYS2d 53).
A mechanic’s lien depends for its validity on an owner’s indebtedness to a contractor (see, Brainard v Kings County, 155 NY 538, affg 32 NYS2d 311; Lorber v Eskof Real Estate, 21 Misc 2d 308). Lien Law article 2 does not authorize a lien against a contractor which is not valid as against an owner (see, Dempsey v Mt. Sinai Hosp., 186 App Div 334, affd 227 NY 661).
Here, it is clear that plaintiff’s third cause of action for lost profits allegedly caused by Dennis’ breach seeks damages greater than the contract price that Hofstra, the owner, agreed to pay to the contractor, Dennis, and that plaintiff was not entitled pursuant to article 2 of the Lien Law to file a mechanic’s lien claiming an amount for lost profits.
Based on the facts contained in the record, it is clear that the mechanic’s lien at issue herein includes claims for sums other than for the value or the agreed-on price of labor performed or materials furnished pursuant to a fully performed contract, and that the notice of lien is therefore subject to summary discharge pursuant to Lien Law § 19 (6) (see, Matter of FCZ Corp., 135 AD2d 535; Matter of Atlantic Cement Co. v St. Lawrence Cement Co., 22 AD2d 228). The defendants do not, *442 however, seek a summary discharge of the lien, which would result in the dismissal, as moot, of their affirmative defense and counterclaims sounding in gross exaggeration. “The Legislature intended the remedy in Lien Law § 39-a to be available only where the lien was valid in all other respects and was declared void by reason of willful exaggeration after a trial of the foreclosure action (see, Joe Smith, Inc. v Otis-Charles Corp., [279 App Div 1])” (Guzman v Estate of Fluker, 226 AD2d 676, 678; see, Stamatopoulos v Karasik, 238 AD2d 688).
Here, while the defendants have characterized their application as a motion seeking summary judgment on an affirmative defense and counterclaims sounding in willful exaggeration under Lien Law §§ 39 and 39-a, the record established by the defendants demonstrates not that the plaintiff willfully exaggerated a claim for the value or the agreed price of labor performed and materials furnished, but that plaintiff filed a notice of lien subject to summary discharge because it included a claim for items other than those permissibly subject to a lien pursuant to Lien Law §§ 3 and 4.
The willful exaggeration of a notice of lien has been defined as an exaggeration which is intentional, deliberate, fictitious or fraudulent (Collins v Peckham Rd. Corp., 18 AD2d 860). The burden is on the opponent of the mechanic’s lien to show that the amounts set forth in the notice of lien were intentionally and deliberately exaggerated (see, Fidelity N. Y. v Kensington-Johnson Corp., 234 AD2d 263).
Here, the defendants did not meet this burden of demonstrating as a matter of law that the plaintiffs inclusion of its claim for breach of contract damages against Dennis constituted an intentional, deliberate inclusion of a fictitious or fraudulent claim in plaintiffs notice of lien. The defendants have not cited any authority holding that a plaintiffs filing of a notice of lien, including a claim for damages other than those subject to a lien pursuant to Lien Law §§ 3 and 4, constitutes prima facie willful exaggeration pursuant to Lien Law §§ 39 and 39-a. Absent such controlling authority, this court finds, in what appears to be a case of first impression, that plaintiffs intent must be determined at trial (see, Coppola Gen. Contr. Corp. v Noble House Constr., 224 AD2d 856; Matter of Upstate Bldrs. Supply Corp. [Maple Knoll Apts.], 37 AD2d 901, 902; Matter of Maloney Contr. Corp. v William E. Blume, Inc., 85 Misc 2d 838).
Finally, plaintiffs contention that the posting of a bond precludes a counterclaim pursuant to Lien Law §§ 39 and 39-a *443 is totally devoid of merit (see, Maritirano Constr. Corp. v Briar Contr. Corp., 104 AD2d 1028).
Accordingly, the motion is denied.