■ BRAN ELECTRIC INC., Respondent, v MHA, INC., Also Known as MILKIE HENDRICKX ASSOCIATES, INC., et al., Appellants. [703 NYS2d 115] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about May 25, 1999, which, in an action by plaintiff electrical contractor against defendant premises occupant (MHA) for breach of contract and unjust enrichment, against defendant surety company on the bond it issued to discharge plaintiff's notice of mechanic's lien, and against MHA's landlord for unstated relief, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, discharging plaintiff's notice of mechanic's lien and granting MHA recovery on its counterclaim under Lien Law § 39-a, unanimously modified, on the law, to grant defendants' motion to the extent of dismissing the complaint insofar as it seeks payment on the bond that discharged the notice of mechanic's lien, discharging the notice of mechanic's lien pursuant to Lien Law § 19 (6), and dismissing the complaint in its entirety as against the

surety and the landlord, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants Fidelity and Deposit Company of Maryland and 149 Fifth Avenue Corp. dismissing the complaint as against them.

The motion court correctly found issues of fact precluding summary judgment in favor of MHA either on the complaint, to the extent it seeks damages against MHA for breach of contract and unjust enrichment, or its counterclaim under Lien Law § 39-a. However, we modify as indicated on the ground that the notice of mechanic's lien filed by plaintiff for work performed at MHA's premises is invalid for failing to identify the general contractor (Belco) with which plaintiff contracted to perform this job, as required by Lien Law § 9 (3). Plaintiff admits that it had a contractual relationship with Belco, and that it received its only payment to date for such work from Belco, not MHA. Plaintiff cannot circumvent the Lien Law's requirements simply by characterizing Belco as a "broker" of contracting services; substance, not labels, should govern a party's rights and obligations. Concur—Rosenberger, J. P., Williams, Ellerin and Saxe, JJ.