[719 NYS2d 213]

WELLBILT EQUIPMENT CORPORATION, Respondent, v SHELDON FIREMAN et al., Appellants, et al., Defendants.

First Department, October 12, 2000

## APPEARANCES OF COUNSEL

*Barry J. Glickman* of counsel (*Michael L. Slonim* on the brief; *Zeichner Ellman & Krause, L. L. P.,* attorneys), for respondent.

*Jeffrey Turkel* of counsel (*Gary M. Rosenberg, Warren A. Estis* and *Norman Flitt* on the brief; *Rosenberg & Estis, P. C.,* attorneys), for appellants.

## OPINION OF THE COURT

FRIEDMAN, J.

On this appeal we are required to determine whether a Lien Law § 39-a claim, which seeks damages for the alleged wilful exaggeration of a lien, survives the consensual discharge of the lien. We conclude that where, as here, the lien is discharged on consent of the parties and the lienor's action to foreclose the lien is discontinued, a wilful exaggeration claim does not survive.

In or about September 1994, defendants hired plaintiff Wellbilt to construct the Red Eye Grill restaurant in Manhattan.* Plaintiff asserts that after construction commenced defendants repeatedly changed architects, building plans, and interior requirements. As a result, plaintiff advised defendants that construction costs would likely rise.

After construction was largely completed, the Red Eye Grill restaurant opened for business in November of 1996. About the same time, plaintiff demanded that defendants make additional payments towards the construction cost, which plaintiff asserted had risen to $5,000,000. In a letter dated December 2, 1996, defendants admitted to plaintiff that it was entitled to more than $2,362,000 in fees, disputing only the amount that

---

* There is an ongoing dispute as to which of the defendants actually hired plaintiff and is liable for the payment of plaintiff's fees. Although we refer to defendants collectively for purposes of this decision, we make no finding as to this issue as it is irrelevant to the legal issue presented.

plaintiff was due beyond that sum. Despite the acknowledgment that $2,362,000 was due, defendants paid plaintiff only $2,054,000, leaving a balance that, according to defendants' own calculations, exceeded $300,000. In view of defendants' failure to make payment beyond the $2,054,000, plaintiff filed a lien against the property.

The first lien, which was filed on July 22, 1997, alleged that the total cost of construction was $5,000,000, of which a balance of $2,946,000 remained unpaid. The dispute not being resolved, this action was commenced one month later.

Plaintiff's complaint asserted causes of action, *inter alia*, for breach of contract and foreclosure of the lien. Shortly after commencement of the action, however, plaintiff discovered that its lien was fatally defective because it had failed to file proof of service of the notice of lien with the County Clerk within 35 days as required by Lien Law § 11. In view of this, plaintiff refiled the lien on September 10, 1997, this time properly filing proof of service.

As plaintiff's foreclosure action was premised on the defective lien it had previously filed, plaintiff also served a supplemental summons and complaint identical in all respects to its original summons and complaint, except that the complaint sought to foreclose the second lien, instead of the first.

In response, defendants served an amended answer, which interposed various counterclaims. As is relevant to this appeal, the second counterclaim alleged that both of the liens filed by plaintiff were wilfully exaggerated, thereby requiring the liens to be discharged. The third counterclaim attacked the allegedly duplicative nature of the liens, i.e., since both liens were for the identical work, the liens viewed together were necessarily exaggerated. The fourth counterclaim sought damages pursuant to Lien Law § 39-a, asserting that the liens were wilfully exaggerated whether viewed individually or jointly.

Thereafter, plaintiff moved for partial summary judgment against defendants in the amount of $406,000 and for an immediate trial as to the extent of plaintiff's damages beyond that amount. The motion was premised upon a concession in defendants' answer, which stated that plaintiff had been paid all but $406,000. Defendants cross-moved for summary judgment on their second, third, and fourth counterclaims, arguing that the two liens, when viewed together, were exaggerated since they were duplicative of each other.

Supreme Court granted plaintiff partial summary judgment, awarding it damages in the sum of $406,000 (a matter which is

not the subject of this appeal), leaving for trial a determination of whether plaintiff was entitled to any sums beyond $406,000. The court also denied defendants' cross motion for summary judgment and granted plaintiff reverse summary judgment dismissing defendants' second, third, and fourth counterclaims.

In dismissing defendants' counterclaims, Supreme Court apparently viewed such claims as being rooted only in the alleged duplication of the liens. Since the court found that the first lien was void by operation of law, and that the second lien was filed merely because of plaintiff's failure to properly perfect the first lien, the court concluded that there was no basis for a wilful exaggeration claim. This appeal by defendants followed.

Before this appeal was perfected, however, defendants entered into a stipulation with plaintiff regarding the lien. Pursuant to that stipulation, plaintiff discharged the lien and discontinued its seventh cause of action, which sought to foreclose the lien. The stipulation did not resolve the issue of how much additional money plaintiff was owed. That issue was left for trial.

The principal issue presented by this appeal concerns the effect of this stipulation on defendants' counterclaims. A subsidiary issue concerns the effect of plaintiff's filing of duplicate liens. Analysis of the matter must begin with the statutory backdrop.

Section 39 of the Lien Law provides that: "In any action * * * to enforce a mechanic's lien * * * if the court shall find that a lienor has wilfully exaggerated the amount for which he claims a lien as stated in his notice of lien, his lien shall be declared to be void."

Where a lien has been discharged under this section, Lien Law § 39-a permits the recovery of damages. Thus, section 39-a provides: "Where in any action * * * to enforce a mechanic's lien * * * the court shall have declared said lien to be void on account of wilful exaggeration the person filing such notice of lien shall be liable in damages to the owner or contractor."

Regarding the issue of plaintiff's filing of duplicate liens, we agree with Supreme Court's conclusion that a wilful exaggeration claim premised upon this ground cannot stand. The first lien filed by plaintiff was, as a matter of law, void because of plaintiff's failure to file proof of service of the notice of lien with the County Clerk within 35 days as required by Lien Law § 11 (*Outrigger Constr. Co. v Nostrand Ave. Dev. Corp.*, 217

AD2d 689). In view of this, plaintiff's filing of a second lien, which it plainly did in recognition that its first lien was defective, could not support a claim of wilful exaggeration. Hence, Supreme Court was correct in finding that the second filing did not entitle defendants to summary judgment.

■ Defendants contend, however, that, even if Supreme Court was correct with regard to the duplication of the liens, the court nevertheless erred in dismissing their wilful exaggeration claims and granting plaintiff reverse summary judgment. In this regard, they point out that, setting aside the purported duplication of the lien, there remained a claim that the second lien, viewed individually, was itself wilfully exaggerated. Defendants further contend that the subsequent discharge of the lien pursuant to stipulation has no effect on the viability of their exaggeration claim. This latter contention by defendants does not bear scrutiny.

In interpreting the Lien Law, our courts have held that damages under section 39-a may not be awarded unless the lien has been declared void for wilful exaggeration after a trial in an action to foreclose the lien (*see, Joe Smith, Inc. v Otis-Charles Corp.*, 279 App Div 1, 4, *affd* 304 NY 684; *see also, Pyramid Champlain Co. v Brosseau & Co.*, 267 AD2d 539, 542; *Stamatopoulos v Karasik*, 238 AD2d 688, 691, *lv dismissed and denied* 92 NY2d 844; *Pamco Indus. v Medical Plaza Assocs.*, 231 AD2d 504, 505; *Guzman v Estate of Fluker*, 226 AD2d 676, 678; Bowmar, Mechanics' Liens in New York § 3.12 [1992]). The conclusion reached by these courts is well founded as it flows from the explicit words of the statute.

In this connection, section 39-a, by its terms, only permits a wilful exaggeration claim to be asserted in an action "to enforce a mechanic's lien," namely, a foreclosure action. Where the lien has been discharged prior to trial, the action is no longer one seeking to enforce a mechanic's lien. The action is, at that juncture, merely one in contract (*see, Joe Smith, Inc. v Otis-Charles Corp., supra; Guzman v Estate of Fluker, supra; see also*, Bowmar, Mechanics' Liens in New York § 3.12, at 131-132).

Additionally, section 39-a provides for damages only where "the court shall have declared [the] lien to be void on account of wilful exaggeration" pursuant to section 39 (*see, Pyramid Champlain Co. v Brosseau & Co., supra* [sections 39 and 39-a must be read in tandem]; Bowmar, Mechanics' Liens in New York, *op. cit.,* at 130). Where the lien has been discharged for reasons unrelated to its supposed exaggeration, there remains

no lien to be declared void by the court (see, *Joe Smith, Inc. v Otis-Charles Corp.*, *supra*; *Guzman v Estate of Fluker*, *supra*).

In this case, plaintiff's lien was discharged on consent of the parties and its foreclosure action discontinued. Hence, a wilful exaggeration claim is precluded.

Notwithstanding the foregoing, defendants assert that the discharge of a lien only eviscerates a wilful exaggeration claim if it has been discharged on procedural grounds. Based upon this conclusion, defendants assert that where, as here, the lien does not suffer from any procedural defects, its consensual discharge has no effect on a wilful exaggeration claim.

We initially observe that there is nothing in the statutory framework to support the distinction advocated by defendants. As previously noted, the statute, by its terms, requires that the wilful exaggeration claim be asserted in the context of a foreclosure action and that the lien be declared void by the court on account of wilful exaggeration. It is evident that, whether a lien is discharged because of some procedural ground or on consent via stipulation, the end result is the same. In either case, there is no longer a foreclosure action or a lien to be declared void.

Contrary to defendants' claim, there is also nothing in the cases interpreting the Lien Law to support the distinction for which it advocates. It is true that in many of the reported cases dismissing wilful exaggeration claims the subject liens had been discharged on procedural grounds or because the liens were otherwise defective (see, e.g., *Joe Smith, Inc. v Otis-Charles Corp.*, 279 App Div 1, 4, *affd* 304 NY 684, *supra*; *see also, Pyramid Champlain Co. v Brosseau & Co.*, 267 AD2d 539, 542-543, *supra*; *Stamatopoulos v Karasik*, 238 AD2d 688, 691, *supra*; *Pamco Indus. v Medical Plaza Assocs.*, 231 AD2d 504, 505, *supra*). However, this factual circumstance had no bearing on the ratio decidendi that compelled dismissal of the claims. This analysis of the case law is borne out in the oft-cited decision of *Joe Smith, Inc. v Otis-Charles Corp. (supra)*.

In *Smith*, the defendant (apparently the owner of the property against which the lien was asserted) moved to dismiss the lien at the outset of trial, asserting that the notice of lien suffered from certain deficiencies in its content. The court reserved decision and, at the conclusion of the plaintiff's case, granted the defendant's motion and discharged the lien. The action was thereafter tried and finally submitted, not as one seeking foreclosure of the lien, but as one seeking recovery on the contract between the parties.

The Court, relying on the specific language of Lien Law § 39-a, found that the defendant's wilful exaggeration claim was not cognizable because "the lien having been discharged, there remained no lien to be foreclosed or to be declared void" (*id.*, at 4). The Court then stated: "The [defendant] having succeeded in obtaining a discharge of the lien at the beginning of the trial, the foreclosure action was thereby terminated, and thereafter the court was without authority to declare the lien void on account of wilful exaggeration" (*id.*, at 5).

What emerges from *Smith* is that it was irrelevant that the lien was discharged for procedural reasons. What was relevant was only that there was neither a lien to be declared void nor a foreclosure action extant. These dual requirements, as previously noted, flow directly from the statutory language of Lien Law §§ 39 and 39-a.

One further observation regarding *Smith* is necessary. The *Smith* Court noted that the defendant could have preserved its wilful exaggeration claim by abandoning its procedural defense to the lien (*id.*, at 4). Stated otherwise, notwithstanding that the lien may have suffered from technical deficiencies, defendant's wilful exaggeration claim would have been cognizable if it had not obtained a discharge of the lien on procedural grounds. This shows that the determinative factor in assessing the viability of a wilful exaggeration claim is the continued existence of the lien and the continued existence of the action to foreclose the lien.

To the extent defendants rely upon this Court's decision in *Bran Elec. v MHA, Inc.* (269 AD2d 231) in support of a contrary conclusion, such reliance is misplaced. In *Bran* we did not hold, as defendants contend, that a wilful exaggeration claim survives the discharge of a mechanic's lien. That issue was neither briefed nor presented to the Court for adjudication. Thus, as a case "is precedent only as to those questions presented, considered and squarely decided" (*People v Bourne*, 139 AD2d 210, 216, *lv denied* 72 NY2d 955), *Bran* cannot be viewed as expressing any opinion on the issue presented here.

This brings us to defendants' claim that Lien Law § 12-a authorizes the assertion of a wilful exaggeration claim even if the lien is discharged for reasons other than exaggeration. Section 12-a (1) provides as follows: "Within sixty days after the original filing, a lienor may amend his lien * * * provided that no action * * * to enforce * * * the mechanics' lien has been brought in the interim, where the purpose of the amendment is to reduce the amount of the lien, except the question of wilful exaggeration shall survive such amendment."

According to defendants, since a lienor cannot escape a wilful exaggeration claim when it unilaterally reduces its lien via a pre-action amendment, it follows that it cannot escape such a claim when it discharges its lien on consent of the parties via stipulation. The answer to defendants' Lien Law § 12-a argument lies in a critical observation regarding the nature of Lien Law liability.

Lien Law § 39-a, which is penal in nature, is a purely statutory offense, providing for drastic consequences in the event the statute is violated (*Joe Smith, Inc. v Otis-Charles Corp.*, *supra*, at 4). As a result, there can be no liability under this provision by implication of fact or law (*id.*). Furthermore, the statute must be strictly construed in favor of the person upon who the penalty is sought to be imposed (*id.*).

Bearing these principles in mind, it is apparent that defendants seek to impose liability in this case not because section 12-a specifically provides for continued liability after the consensual discharge of a lien, but because of what defendants believe flows by implication from the statute. To accept defendants' argument would, therefore, impose liability by implication, which, as indicated, is not permitted.

In any event, even if section 12-a were interpreted as prohibiting a lienor from extricating itself from a wilful exaggeration claim by unilaterally discharging its lien (an issue we need not decide), plaintiff in this case did not act unilaterally. Rather, the lien was discharged on consent via stipulation. This is of critical significance. As previously indicated, where an owner succeeds in obtaining a discharge of a lien on procedural grounds by court order, the owner's wilful exaggeration claim is extinguished. It follows that, where an owner succeeds in obtaining a discharge of the lien via stipulation, a wilful exaggeration claim should be similarly precluded.

In the end, we acknowledge that Supreme Court seems to have misperceived defendants' wilful exaggeration claim as being rooted solely in the purported duplication of the lien. We also acknowledge that, at the time the court rendered its decision, defendants still had a viable claim premised upon the alleged exaggeration of the second lien irrespective of any duplication. While this would mean that Supreme Court prematurely dismissed defendants' counterclaims, the fact remains that, at this juncture, where a stipulation has been executed, a wilful exaggeration claim is no longer viable, as a matter of law. Thus, defendants' appeal has been rendered academic.

Accordingly, defendants' appeal from an order of the Supreme Court, New York County (Carol Huff, J.), entered on or about July 16, 1998, which, to the extent appealed from, granted plaintiff summary judgment dismissing defendants' second, third, and fourth counterclaims, should be dismissed as academic, without costs.

NARDELLI, J. P., TOM, MAZZARELLI and ELLERIN, JJ., concur.

Appeal from order, Supreme Court, New York County, entered on or about July 16, 1998, dismissed as academic, without costs.