**J.T. Magen & Co. Inc. v Nissan N. Am., Inc.**

2025 NY Slip Op 31006(U)

March 26, 2025

Supreme Court, New York County

Docket Number: Index No. 160497/2017

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------------X

J.T. MAGEN & COMPANY INC. (COUNTERCLAIM-
DEFENDANT),

|  | | |
|---|---|---|
| **INDEX NO.** | | 160497/2017 |
| **MOTION DATE** | | 04/26/2024, 04/26/2024 |
| **MOTION SEQ. NO.** | | 018 019 |

                Plaintiff,

- v -

NISSAN NORTH AMERICA, INC.,GEORGETOWN
ELEVENTH AVENUE OWNERS, LLC (COUNTERCLAIM
PLAINTIFF) (CROSSCLAIM-PLAINTIFF), PHILADELPHIA
INDEMNITY INSURANCE COMPANY, GARY FLOM, VEN
NILVA,

                Defendants.

**DECISION + ORDER ON MOTION**

------------------------------------------------------------------------------------X

NISSAN NORTH AMERICA, INC.

                Plaintiff,

-against-

ACIM NY, LLC, ALIM MY, LLC

                Defendants.

Third-Party
Index No.  596017/2018

------------------------------------------------------------------------------------X

GEORGETOWN ELEVENTH AVENUE OWNERS, LLC
(COUNTERCLAIM PLAINTIFF) (CROSSCLAIM-PLAINTIFF)

                Plaintiff,

-against-

MISTRAL ARCHITECTURAL METAL & GLASS, INC., F.R.P.
SHEET METAL CONTRACTING CORP.

                Defendants.

Second Third-Party
Index No.  596014/2018

------------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 018) 1344, 1345, 1346,
1347, 1348, 1349, 1350, 1351, 1352, 1353, 1354, 1355, 1356, 1357, 1358, 1359, 1360, 1361, 1362,
1363, 1364, 1365, 1366, 1367, 1368, 1369, 1370, 1371, 1372, 1373, 1374, 1375, 1376, 1377, 1378,
1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 1388, 1389, 1390, 1391, 1392, 1393, 1394,
1395, 1396, 1397, 1398, 1399, 1400, 1401, 1402, 1403, 1404, 1405, 1406, 1407, 1408, 1409, 1410,

1411, 1412, 1413, 1414, 1415, 1416, 1417, 1418, 1419, 1420, 1421, 1422, 1423, 1424, 1425, 1426, 1427, 1428, 1446, 1447, 1449, 1450, 1451, 1452, 1453, 1454, 1455, 1456, 1457, 1458, 1459, 1460, 1461, 1462, 1463, 1464, 1465, 1466, 1467, 1468, 1469, 1470, 1471, 1472, 1473, 1474, 1475, 1476, 1477, 1478, 1479, 1480, 1481, 1482, 1483, 1484, 1485, 1486, 1487, 1488, 1489, 1490, 1491, 1492, 1493, 1494, 1495, 1496, 1497, 1498, 1499, 1501

were read on this motion for            MONETARY DAMAGES            .

The following e-filed documents, listed by NYSCEF document number (Motion 019) 1429, 1430, 1431, 1432, 1433, 1434, 1435, 1436, 1437, 1438, 1439, 1440, 1441, 1442, 1443, 1444, 1445, 1448, 1500, 1519, 1520, 1521, 1522

were read on this motion for            MONETARY DAMAGES            .

This is a construction case. As described in greater detail below, the Court previously granted summary judgment to Defendants Georgetown Eleventh Avenue Owners, LLC ("Georgetown"), Nissan North America, Inc. ("Nissan"), and Philadelphia Indemnity Insurance Company ("PIIC," with Georgetown and Nissan, the "Defendants") on, among other things, their counterclaims against Plaintiff J.T. Magen & Company ("JTM"), a general contractor, for willful exaggeration of an approximately $11 million mechanic's lien (the "Lien") in connection with a construction project (NYSCEF 1042). That decision was affirmed on appeal (*J.T. Magen & Co. Inc. v Nissan N. Am., Inc.*, 223 AD3d 523 [1st Dept 2024]). This Court's decision deferred the question of damages for willful exaggeration under Section 39-a of the Lien Law for trial. The parties have decided to forego trial on this claim and submit their respective positions for decision on submission.

Nissan seeks a total award of $13,545,648.33, comprised of monetary damages for willful exaggeration ($11,022,181.16), bond premiums ($144,767.00), and attorneys' fees and expenses ($2,378,700.17) (NYSCEF 1344) (Motion Sequence 18). Georgetown seeks a total award of $9,940,464.45, comprised of $6,440,986.76 in monetary damages for willful exaggeration and $3,499,477.69 in attorneys' fees and expenses (NYSCEF 1429) (Motion Sequence 19).

**160497/2017 J.T. MAGEN & COMPANY INC. vs. NISSAN NORTH AMERICA, INC.**
**Motion No. 018 019**

**Page 2 of 13**

For the following reasons, the motions are **granted in part**. Judgment is awarded in favor of Nissan and Georgetown collectively in the amount of **$4,633,247.95** collectively for willful exaggeration, to be divided evenly between them. In addition to sharing that amount, Nissan will recover **$144,767.00** for bond premiums it paid to conditionally discharge the Lien and **$999,054.07** in reasonable attorneys' fees and expenses, and Georgetown will recover **$1,469,780.63** in reasonable attorneys' fees and expenses.

Findings of Fact

The Court incorporates by reference the facts included in its summary judgment decision (NSYCEF 1042, at 3-10). It also adds the following.

Nissan received seven invoices for bond premiums, six of which were in the amount of $21,218.00, and the seventh was for $17,459.00, totaling $144,767.00 (NYSCEF 1421-27; NYSCEF 1418 ¶¶ 1-14).

Nissan claims $2,312,806.12 in attorneys' fees and $90,653.05 in expenses, which they support with invoices (NYSCEF 1345 ¶ 28; NYSCEF 1349-417). Georgetown claims $3,414,892.85 in attorneys' fees and $84,584.84 in expenses, also supported by invoices (NYSCEF 1431 ¶¶ 37, 41; NYSCEF 1432-43).

It is undisputed that the Lien included amounts for work performed in connection with (1) Requisitions 4 and 5, which are discussed at length in the Court's summary judgment decision (NYSCEF 1042), in the amount of $4,633,247.95; (2) Requisitions 6 and 7, totaling $4,581,194.40; (3) the retainage, totaling $1,779,593.39; and (4) change orders totaling $28,145.42. Thus, the Lien totaled $11,022,181.16 (NYSCEF 1428, at 2; NYSCEF 1430, at 10-11; NYSCEF 1494, at 8-9).

**160497/2017   J.T. MAGEN & COMPANY INC. vs. NISSAN NORTH AMERICA, INC.**        **Page 3 of 13**
**Motion No.  018 019**

[* 3]

3 of 13

Procedural History

On December 8, 2022, this Court granted Defendants' motions for summary judgment dismissing JTM's First Cause of Action for foreclosure of the Lien with prejudice as against Nissan, PIIC, and Georgetown (NYSCEF 1042) on the grounds of unclean hands and equitable estoppel. Specifically, the Court found that an unconditional lien waiver provided by JTM with respect to Requisition 5 was based on falsified invoices that led Georgetown to believe that JTM and its subcontractors were being paid by BICOM (including for Requisition 4) when in fact they were not being paid (*id.* at 8-9, 11-15). No reference was made to Requisitions 6 and 7 in that regard.

The Court also found that Georgetown and Nissan did not consent to JTM's uncompensated work and thus were not liable for BICOM's failure to make payments to JTM for any of the outstanding invoices contained in the Lien (*id.* at 15-17) and that JTM was not entitled to recover damages under a theory of quantum meruit or account stated (*id.* at 17-18). Neither of those rulings were based on a finding of willfulness or bad faith on JTM's part.

Finally, the Court held that "[i]n light of the Court's determinations above, the Lien is declared void pursuant to Lien Law §39, because the Lien seeks amounts that were specifically waived and are otherwise unrecoverable" (*id.* at 18). The Court reserved the question of damages for willful exaggeration under Lien Law §39-a for determination at trial (*id.* at 19). The Court subsequently discharged JTM's lien (NYSCEF 1323).[1]

---

[1] The Court also granted summary judgment to Georgetown with respect to liability on its counterclaim against JTM for fraud (*id*. at 19-20). That claim is not at issue on the present motion.

**160497/2017   J.T. MAGEN & COMPANY INC. vs. NISSAN NORTH AMERICA, INC.**     **Page 4 of 13**
  **Motion No.  018 019**

[* 4]

The First Department unanimously affirmed the Court's summary judgment decision. With respect to the claim of willful exaggeration, the court focused (as did this Court) on the December 2016 lien waiver relating to Requisitions 4 and 5:

> Supreme Court correctly found that the record warrants application of unclean hands, equitable estoppel, and willful exaggeration defenses in connection with plaintiff's attempt to foreclose on a mechanic's lien. . . . In addition, the court properly dismissed the lien foreclosure claim based on the conclusive evidence that plaintiff willfully exaggerated the mechanic's lien in violation of Lien Law § 39-a **by including in that lien the amounts it had waived in a December 2016 waiver**. Although the court had already found that unclean hands and equitable estoppel barred plaintiff's ability to foreclose on the lien, that finding does not require dismissal of defendants' willful exaggeration claims, and the court correctly reserved for trial the issue of any damages on those claims.

(*J.T. Magen & Co. v Nissan N. Am., Inc.*, 223 AD3d 523, 523-24 [1st Dept 2024] [emphasis added; citations omitted].)

On November 1, 2024, the Court heard oral argument on motions 018 and 019 for assessment of damages (NYSCEF 1523 [hereinafter "Tr."]). Consistent with their letters of February 7 and 16, 2024 (NYSCEF 1331-32), the parties agreed on the record that the Court would treat the motions as a summary trial on the issue of willful exaggeration damages (Tr. at 5:11-22, 8:13-9:1, 13:14-15:7).

Discussion

Willful exaggeration of a lien "is a purely statutory offense, providing for drastic consequences in the event the statute is violated" (*Wellbilt Equipment Corp. v Fireman*, 719 NYS2d 213, 217 [1st Dept 2000]). The purpose of the law is "to supply an additional protection to the owner or contractor from fictitious, groundless and fraudulent liens by unscrupulous lienors" (*Durand Realty Co. v Stolman*, 197 Misc 208, 210 [App Term 1st Dept 1949], *affd* 280

**160497/2017   J.T. MAGEN & COMPANY INC. vs. NISSAN NORTH AMERICA, INC.**
**Motion No.  018 019**

**Page 5 of 13**

5 of 13

AD 758 [1st Dept 1952]). "The law was framed to punish willful exaggeration and nothing else" (*id.*; *see also E-J Elec. Installation Co. v Miller & Raved, Inc.*, 51 AD2d 264, 265 [1st Dept 1976]; *Goodman v Del-Sa-Co Foods, Inc.*, 15 NY2d 191, 195-96 [1963]).

Because the law is "penal in nature, . . . it must be strictly construed in favor of the person upon whom the penalty is sought to be imposed (*Guzman v Estate of Fluker*, 226 AD2d 676, 678 [citing *Goodman*, 15 NY2d at 195]). The Defendants, as movants, have the burden of proof (*see Goodman*, 15 NY2d at 194).

### A. Willful Exaggeration Is Law of the Case

As a threshold matter, JTM's contentions that the Court either did not make a valid finding of willful exaggeration, or that it was not permitted to find willful exaggeration alongside other grounds for vacating the lien (i.e., unclean hands and equitable), are conclusively foreclosed by the law of the case. Both this Court's decision and the First Department's decision rely explicitly on Lien Law § 39 and make specific findings of willful exaggeration. And the First Department expressly held that "[a]lthough the court had already found that unclean hands and equitable estoppel barred plaintiff's ability to foreclose on the lien, that finding does not require dismissal of defendants' willful exaggeration claims" (*J.T. Magen*, 223 AD3d at 524). Thus, JTM's reliance on *Degraw Constr. Grp., Inc. v. McGowan Builders, Inc.* (178 AD3d 770 [2d Dept 2019]) to suggest a contrary rule, on different facts, is meritless.

JTM's suggestion that awarding damages for willful exaggeration is "permissive" is equally unpersuasive. The statute provides that once a Court finds a mechanic's lien "to be void on account of wil[l]ful exaggeration[,] the person filing" the lien "***shall*** be liable in damages to the owner or contractor" (Lien Law § 39-a [emphasis added]). Specifically, the owner or contractor shall recover "the amount of any premium for a bond given to obtain the discharge of

**160497/2017   J.T. MAGEN & COMPANY INC. vs. NISSAN NORTH AMERICA, INC.**           **Page 6 of 13**
   **Motion No.  018 019**

6 of 13

the lien or the interest on any money deposited for purpose of discharging the lien, reasonable attorney's fees for services in securing the discharge of the lien, and an amount equal to the difference by which the amount claimed to be due or to become due as stated in the notice of lien exceeded the amount actually due or to become due thereon" (*id.*).

JTM offers no persuasive justification to read the statutory "shall" to be permissive rather than mandatory. Further, this case is nothing like *Wellbilt Equip. Corp. v Fireman*, 275 AD2d 162 [1st Dept 2000], upon which JTM relies, in which a lienor "discharge[d] its lien on consent of the parties via stipulation" and "unilaterally reduce[d] its lien via a pre-action amendment," precluding a claim for willful exaggeration (275 AD2d at 166-67, 169).

In short, given the unequivocal and binding determinations that JTM willfully exaggerated the Lien, the only question remaining is the calculation of damages, not whether damages are available.

**B. Calculation of Damages**

As noted above, Lien Law 39-a provides for recovery of three categories of damages: (1) bond premiums, (2) attorneys' fees, and (3) the amount of the willful exaggeration. Because the amount of willful exaggeration may impact the other two categories, the Court will discuss that question first.

*1. Amount of Willful Exaggeration*

Nissan requests willful exaggeration damages for all "four components" of the Lien, namely "(1) $4,633,247.95 of claims released by the December 2[, 2016] Lien Waiver . . . [corresponding to Requisitions 4 and 5]; (2) $4,581.194.40 for work from December 1, 2016 to April 2017 after the secret Side-Deal completing BICOM's Jaguar Land-Rover facility . . . .[corresponding to Requisitions 6 and 7]; (3) $1,779,593.39 of 'retainage' not due JTM per the

**160497/2017   J.T. MAGEN & COMPANY INC. vs. NISSAN NORTH AMERICA, INC.**
Motion No.  018 019

**Page 7 of 13**

7 of 13

AIA Contract [NYSCEF 252]; and (4) $28,145.42 of 'change orders' not approved by BICOM and thus also not due JTM per the AIA Contract" (NYSCEF 1428, 7-8). These amounts represent the full amount of the Lien ($11,022,181.16). Georgetown, for its part, does not seek recovery on this motion for amounts relating to Requisitions 6 and 7 (category (2) above), and thus seeks a total of $6,440,986.76.

As noted above, this Court voided the Lien and granted Defendants' summary judgment on willful exaggeration, noting that:

> Lien Law § 39 provides, in relevant part, that 'if the court shall find that a lienor has wilfully exaggerated the amount for which he claims a lien as stated in his notice of lien, his lien shall be declared to be void and no recovery shall be had thereon.' A lien that seeks to recover amounts that were waived is wilfully exaggerated. In light of the Court's determinations above, the Lien is declared void pursuant to Lien Law § 39, because the Lien seeks amounts that were specifically waived and are otherwise unrecoverable.

(NYSCEF 1042, at 18 [citations omitted].)

As pertinent here, the focus of the decisions by this Court and the First Department was squarely on JTM's intentionally misleading conduct relating to the December 2016 lien waiver and Requisitions 4 and 5. Although the Court also found that JTM failed to establish that Georgetown and Nissan consented to work so as to be liable for payment of invoices under BICOM's contract, it made no finding of willful misconduct or bad faith in connection with that issue. The Court also did not address the details of Requisitions 6 and 7 or the questions of retainage and changes orders, and thus made no finding of willful misconduct or bad faith in connection with those amounts.

Accordingly, the Court finds the recoverable amount of willful exaggeration of the Lien to be the amounts associated with Requisitions 4 and 5 ($4,633,247.95). That is what this Court

**160497/2017  J.T. MAGEN & COMPANY INC. vs. NISSAN NORTH AMERICA, INC.**
**Motion No.  018 019**

**Page 8 of 13**

8 of 13

found and what was affirmed on appeal (*J.T. Magen*, 223 AD3d at 524). Nissan and Georgetown are not entitled to "willful exaggeration" damages with respect to the remainder of the Lien.

JTM would have the Court reduce the amount of "exaggeration" damages further, and references in support various comments the Court made during conferences expressing discomfort with providing a "windfall" to Georgetown, which undoubtedly received the benefit of work JTM and its subcontractors had done on the premises for which JTM was not paid by BICOM. The short answer to JTM's argument is that the Court's informal comments did not accurately reflect the law, which has now been fully briefed and decided. The bottom line is that Lien Law 39-a is a punitive statute, and the Court does not have discretion to lessen the amount of the willful exaggeration damages based on a concern about windfall recovery. That is simply the way the statute works. The way to avoid its harsh result is to avoid willfully exaggerating liens.

That said, the Court agrees with JTM that an award of damages for the full amount of the exaggeration with respect to Requisitions 4 and 5 should not be recoverable by *each* Defendant severally. Nissan and Georgetown provide no applicable authority for doubling the damages simply because the Lien applied to two parties, and the Court sees no rationale for such a result (*cf. A&E Plumbing*, 66 AD2d at 457 [awarding defendants a single $1,000 credit to account for willful exaggeration against what they owed on other legitimate claims]). The Court is not persuaded by the argument that because both Nissan and Georgetown constitute "owners" within the meaning of Lien Law § 2, each should be able to recover the full amount of willful exaggeration damages. If JTM had been successful in this litigation it would only have only recovered the amount of the Lien once, not twice. Further, because each of Nissan and

160497/2017   J.T. MAGEN & COMPANY INC. vs. NISSAN NORTH AMERICA, INC.
Motion No.  018 019

Page 9 of 13

9 of 13

[* 9]

Georgetown was subject to the entirety of the Lien, the Court finds that they should split this portion of the damages award equally.

Accordingly, the Court awards a total of **$4,633,247.95** in damages for the amount of willful exaggeration, to be divided equally between Nissan and Georgetown.

### 2. *Bond Premiums*

Nissan is entitled to the amount it spent on bond premiums "to obtain the discharge of the lien" (Lien Law § 39-a). It has adequately shown that it paid $144,767.00 for bond premiums. JTM's suggestion that recovery of bond premium should be prorated by the amount of the exaggeration conflicts with the straightforward statutory language quoted above. Against that backdrop, JTM's citation of the non-binding decision in *Grimpel v Hochman* (74 Misc2d 39, 48-49 [NYC Civ Ct 1972]) with respect to bond premium damages is unpersuasive, though it makes a stronger case when it comes to attorneys' fees (discussed *infra*).

Accordingly, the Court finds Nissan is entitled to recover **$144,767.00** in bond premiums. (Georgetown has not submitted any claim for damages relating to payment of bond premiums.)

### 3. *Attorneys' Fees and Expenses*

Both Georgetown and Nissan seek to recover attorneys' fees. JTM opposes, saying they are not entitled to attorneys' fees. Further, JTM argues that if they are entitled to attorneys' fees, the fee award should be limited to the prorated amount of the exaggeration, or otherwise that recovery should be limited to fees incurred to secure the bond that discharged the lien on the property. Finally, they assert the fees are unreasonable.

As an initial matter, the Court declines JTM's invitation to read Section 39-a to preclude an award of attorneys' fees for legal services rendered after the Lien was bonded (and therefore conditionally "discharged" under Lien Law §19[4]). JTM's reading would, as a practical matter,

160497/2017   J.T. MAGEN & COMPANY INC. vs. NISSAN NORTH AMERICA, INC.
Motion No.  018 019

Page 10 of 13

10 of 13

gut the attorneys' fee provision in Lien Law §39-a. The Court reads the statutory entitlement to "reasonable attorney's fees for services in securing the discharge of the lien" to refer to litigation of the merits of the dispute, leading to a final and unconditional discharge and voiding of the lien under Lien Law § 39 for being willfully exaggerated, not simply for the ministerial task of bonding the Lien.[2]

Turning to the amount of the fee, unlike with respect to bond premiums, which is essentially a fixed sum, the statute awards "*reasonable* attorney's fees in securing discharge of the lien" [emphasis added]. That phrasing necessarily incorporates discretion. In the Court's view, that discretion extends not only to the nuts and bolts of the fee amount (reasonableness of hours and rates, for example) but also to whether the fees sought reasonably relate to the violation of Lien Law §39 for willful exaggeration.

Along those lines, the First Department has observed that "the amount of defendants' attorneys' fees incurred in securing the discharge of the lien may be determined according to the percentage of the total amount of the lien represented by the wil[l]fully exaggerated portion" (*Wang Jia v Kang*, 161 AD3d 463, 464 [1st Dept 2018]). For that proposition, the First Department cited *A&E Plumbing, Inc. v Budoff*, 66 AD2d 455 [3d Dept 1979], which in turn relied upon *Grimpel*, *supra*. In *A&E Plumbing*, the court found that a $25,000 mechanic's lien was exaggerated by $1,000 (which involved tampering with a single invoice for a boiler), although other portions of the contractor's claim were disallowed for other reasons. The court

---

[2] *See, e.g.*, *John R. Blair Co., Inc. v Seadco Bldg. Corp.*, 136 Misc 204, 205 [2d Dept 1929] (distinguishing between a "conditional" and "absolute" discharge); *see also Lindt & Sprungli USA, Inc. v PR Painting Corp.*, 292 AD2d 610, 611 (2d Dept 2002) ("When a lien is discharged by the filing of an undertaking, the lien is shifted to the undertaking"); *accord Breen v Lennon*, 10 AD 36, 38-39 (1896); *Morton v Tucker*, 145 NY 244, 248-49 (1895).

held the lien should have been declared void as a result of that conduct, but concluded that because "[t]he amount of the willful exaggeration represent[ed] approximately 5% of the total amount of the lien …, the award of counsel's fees is fixed in the sum of $150 [5% of the total fees claimed]" (*id*. at 457).

Such a reduction is reasonable here for the additional reason that the claimed attorneys' fees were incurred, at least in part, in connection with issues other than willful exaggeration.  In this case, for example, a substantial amount of the briefing and argument throughout the litigation related to questions of unclean hands, equitable estoppel, and consent.  Although there is some overlap between those issues and willful exaggeration (at least as to unclean hands and equitable estoppel), it is not complete.  Awarding Nissan and Georgetown the full amount of the requested fees would apply fee-shifting to claims not within the scope of the statute.

Taking these considerations into account, the Court finds that the attorneys' fees and costs claimed by Nissan and Georgetown should be reduced to reflect the portion of the Lien found to have been willfully exaggerated.  The Court has determined that willful exaggeration applies to $4,633,247.95 of the total Lien amount of $11,022,181.16, or approximately 42% of the total, meaning that 58% of the claimed fees and costs are not recoverable under the statute.

That deduction aside, the Court finds Nissan's and Georgetown's requested attorney rates to be reasonable, as this Court previously found in connection with the sanctions motions (NYSCEF 631, 632, 635, 636, 637, 679).  Moreover, the Court is not persuaded that Nissan and Georgetown substantially duplicated each other's work, as suggested by JTM.  Rather, from the Court's observations throughout this case, the Defendants coordinated their work to minimize overlap throughout.  Further, the invoices provide substantial support for the claimed hours.

160497/2017   J.T. MAGEN & COMPANY INC. vs. NISSAN NORTH AMERICA, INC.
Motion No.  018 019

Page 12 of 13

12 of 13

[* 12]

Accordingly, Nissan is awarded attorneys' fees and expenses totaling **$999,054.07** ($2,378,700.17 x 42%). Georgetown is awarded attorneys' fees and expenses totaling **$1,469,780.63** ($3,499,477.69 x 42%).[3]

Accordingly, it is

**ORDERED** that Nissan's motion for Lien Law § 39-a damages is **granted in part** such that Nissan is awarded **$144,767.00** for its bond premium payments, **$999,054.07** for its reasonable attorneys' fees and expenses, and **$2,316,623.97** for its share of the amount of willful exaggeration, totaling **$3,460,445.04**; it is further

**ORDERED** that Georgetown's motion for Lien Law § 39-a damages is **granted in part** such that Georgetown is awarded **$1,469,780.63** in reasonable attorneys' fees and expenses, and **$2,316,623.98** for its share of the amount of willful exaggeration, totaling **$3,786,404.61**; it is further

**ORDERED** that the parties appear for an initial pre-trial conference to discuss scheduling and logistics with respective to any remaining claims for trial and a status conference on **April 7, 2025, at 10:00 a.m.**

This constitutes the Decision and Order of the Court.

20250326094325JMCOHEN1D7D2A66D91B4921A4EC2C2E77FEB900

_____
**3/26/2025**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[3] Georgetown submitted a supplemental affirmation for further attorneys' fees on March 5, 2025 (NYSCEF 1519). The Court has not considered this supplemental filing, as no leave for its filing was requested or granted. In any event, the amounts stated would not be recoverable on this motion.

**160497/2017   J.T. MAGEN & COMPANY INC. vs. NISSAN NORTH AMERICA, INC.**   **Page 13 of 13**
  **Motion No.  018 019**

13 of 13

[* 13]