■ In the Matter of FRANK GASBARRE, Appellant, v CITY OF ROCHESTER, Respondent.—Order unanimously affirmed without costs. Memorandum: In her award, the arbitrator found that the city had just cause for suspending and later terminating petitioner from his position of neighborhood conservation officer. As a ground for vacating the award, petitioner asserts that the arbitrator failed to make a final and definite award upon the subject matter submitted (CPLR 7511 [b] [1] [iii]) because she did not decide whether petitioner's actions were protected by his right to freedom of speech. We disagree.

The award was final and definite and recited in detail the acts of petitioner which constituted just cause for suspension and termination. The award particularly noted that when defendant gave an interview to the media after he had been denied permission to do so, he acted not as a private citizen but as a city employee. The First Amendment protects the right of public employees as citizens to speak on matters of public concern (see, Connick v Myers, 461 US 138). It does not permit a public employee, in direct contravention of orders from his superiors, to speak in his capacity as an employee.

We note that the arbitrator found that petitioner was suspended for this act of insubordination and later he was properly terminated from his employment for engaging in personal attacks upon his superiors and for "flagrant performance errors" in overlooking obvious code violations on properties he had inspected. (Appeal from order of Supreme Court, Monroe County, Galloway, J.—arbitration.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lawton, JJ.