■ In the Matter of MARK DUNNING et al., Petitioners, v CITY OF NEWBURGH et al., Respondents. [620 NYS2d 105] —Proceeding pursuant to CPLR article 78 to review, *inter alia,* a determination of the Acting City Manager of the City of Newburgh, dated February 4, 1992, which adopted, in part, the findings of fact of the Hearing Officer, finding the petitioners guilty of charges of misconduct and insubordination involving consumption of alcoholic beverages while on duty and which further found the petitioners guilty of charges that had been dismissed by a Hearing Officer, and terminated the petitioners' employment with the City of Newburgh Water Department.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs, and the matter is remitted to the respondents for a determination of the claims of the petitioners George Hess and John Decker for back pay, in accordance herewith.

The record supports the determination of the respondents, that the petitioners were drinking beer while on duty on July 24, 1990, after they had notice that any employee found drinking alcohol on the job was subject to immediate dismissal. Moreover, we find that, under the circumstances of this case, the penalty of dismissal is not shocking to one's sense of fairness (see, *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233).

However, the petitioners Hess and Decker are entitled to recover their wages for the period between September 16, 1991, and October 10, 1991, since the delay was attributable to their attorneys who were engaged in a hearing and a deposition, respectively, on September 16, 1991 (see, *Kearse v Fisher,* 67 AD2d 963; *Yeampierre v Gutman,* 57 AD2d 898, 899). We

have held that "engagement at trial [of counsel for the accused]" cannot be attributable to the accused *(Matter of Yeampierre v Gutman, supra,* at 899). Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.