■ In the Matter of KATHLEEN LAGO, Petitioner, v COUNTY OF ULSTER et al., Respondents. [644 NYS2d 418] —Crew III, J.

Petitioner was employed as a social worker by respondent Ulster County Department of Mental Health (hereinafter the Department) for approximately 6½ years before she was terminated for insubordination in January 1995. Prior to this proceeding, petitioner had been the subject of other disciplinary charges that culminated in a stipulation of settlement dated October 17, 1994, wherein the parties acknowledged, *inter alia*, that the settlement would constitute petitioner's "last chance".

On November 3, 1994, petitioner was directed by the Department to submit to a psychiatric examination due to concerns that she was not fit to resume treating clients. Petitioner was provided with a list of three psychiatrists, from which she

made her selection, and an appointment was scheduled for November 14, 1994. Petitioner thereafter discovered that she had a conflict on that date due to a previously scheduled diplomate examination and, ultimately, elected to attend the examination rather than the scheduled psychiatric evaluation. Petitioner subsequently was served with a statement of charges and, following a hearing pursuant to Civil Service Law § 75, was terminated for insubordination. This proceeding pursuant to CPLR article 78 ensued.

Initially, to the extent that petitioner's arguments on review implicitly raise an issue of substantial evidence, we are of the view that the finding that petitioner was guilty of insubordination is amply supported by the record evidence (*see generally, Matter of Smith v Board of Educ.*, 221 AD2d 755, 758, *lv denied* 87 NY2d 810). As to the issue of penalty, we do not find petitioner's dismissal to be so disproportionate to the subject offense as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). The Department's director of administration testified that when petitioner advised him that she had a conflict on the day of the scheduled evaluation, she was given the option of scheduling an appointment with another psychiatrist but refused to do so. The record further reveals that petitioner repeatedly was informed of the importance of keeping this appointment and was warned, in writing, that her failure to do so would constitute insubordination and lead to further disciplinary charges. Inasmuch as petitioner admittedly elected to miss the scheduled evaluation despite the likely consequences, we see no reason to disturb respondents' determination of penalty.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.