■ DOMENIC MAGGIO, Individually and as a Shareholder of Syracuse Woodbine Associates, Inc., Doing Business as Woodbine Construction, and in the Right of Syracuse Woodbine Associates, Inc., Doing Business as Woodbine Construction Company, Respondent, v NORMAN SWANSON et al., Individually and as Officers and Directors of Syracuse Woodbine Associates, Inc., Doing Business as Woodbine Construction Company, Appellants. [653 NYS2d 473] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that part of defendants' cross motion for summary judgment dismissing the cause of action for wrongful termination. Defendants submitted unrebutted evidence establishing that Woodbine Construction Company (Woodbine) entered into a contract for reconstruction work at the Syracuse Jewish Community Center (Center). Specifically excluded from the contract was the removal of asbestos. Plaintiff was instructed by defendant Norman Swanson to have nothing to do with the removal and/or the disposal of any asbestos from the Center. Despite that directive, plaintiff and employees working at his direction removed asbestos from the Center and illegally disposed of it. Plaintiff received $6,000 from a third party for the asbestos removal. Plaintiff subsequently pleaded guilty to criminal charges arising from the illegal disposal of asbestos. Defendants also submitted unrebutted evidence that Woodbine lost a major potential client as a result of the adverse publicity surrounding plaintiff's conviction.

Plaintiff's employment contract with defendants provided that the "[e]mployer may discharge Employee and thereby terminate this agreement for incompetence, intoxication, drug use, insubordination, or any failure of Employee to perform any task, duty or obligation as established by the Board of Directors." Defendants established plaintiff's insubordination as a matter of law, and we therefore modify the order by granting in part the cross motion seeking summary judgment and dismissing the wrongful termination cause of action (see, Matter of Lago v County of Ulster, 228 AD2d 905, lv denied 88

NY2d 815; *Matter of Dunning v City of Newburgh*, 210 AD2d 404; *Matter of Gasbarre v City of Rochester*, 155 AD2d 943, *lv denied* 75 NY2d 708).

We further conclude that the court erred in including as part of the accounting of partnership affairs the review and valuation of the 5% interest that plaintiff acquired in any "entities" formed or to be formed from March 20, 1990 until January 21, 1992. The partnership agreement limited plaintiff's 5% interest to "corporations". Consequently, we further modify the order by deleting the words "or entities" from the fourth ordering paragraph. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Doerr, Balio and Boehm, JJ.