■ EXECUTIVE TOWERS AT LIDO, LLC, Appellant, v METRO CONSTRUCTION SERVICES, INC., et al., Respondents. [756 NYS2d 461] —In an action, inter alia, for a judgment declaring certain notices of mechanic's liens void pursuant to Lien Law § 39, the plaintiff appeals from stated portions of an order of the Supreme Court, Nassau County (Cozzens, J.), dated September 25, 2002, which, inter alia, denied that branch of its motion which was for summary judgment on its first, second, and third causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's claims under Lien Law §§ 39 and 39-a are not appropriate for summary resolution at this stage of the case. In an appropriate action, Lien Law § 39 authorizes the court to declare a lien void upon finding that it has been "wilfully exaggerated." Lien Law § 39-a renders a lienor found to have made such an exaggeration liable for damages and an attorney's fee for services rendered in securing discharge of the lien. The two sections are to be read together (*see Goodman v Del-Sa-Co Foods*, 15 NY2d 191 [1965]; *Pyramid Champlain Co. v Brosseau & Co.*, 267 AD2d 539 [1999]; *Guzman v Estate of Fluker*, 226 AD2d 676 [1996]). Lien Law § 39-a is penal in

nature, and thus is strictly construed in favor of the party against whom the penalty is sought (*see Goodman v Del-Sa-Co Foods, supra; East Hills Metro v Dennis Constr. Corp.,* 277 AD2d 348 [2000]; *Pyramid Champlain Co. v Brosseau & Co., supra; Guzman v Estate of Fluker, supra; Joe Smith, Inc. v Otis-Charles Corp.,* 279 App Div 1 [1951], *affd* 304 NY 684 [1952]). For the foregoing reasons, the issue of the defendants' alleged wilful exaggeration of the subject liens—a necessary determination for purposes of both Lien Law §§ 39 and 39-a—should be resolved at the trial of the defendants' lien foreclosure counterclaim (*see Aaron v Great Bay Contr.,* 290 AD2d 326 [2002]; *Wellbilt Equip. Corp. v Fireman,* 275 AD2d 162 [2000]; *Guzman v Estate of Fluker, supra; Coppola Gen. Contr. Corp. v Noble House Constr. of NY,* 224 AD2d 856 [1996]; *Joe Smith, Inc. v Otis-Charles Corp., supra*).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.