OPINION OF THE COURT
Carolyn E. Demarest, J.
In this action, general contractor D.C.M. of New York, LLC moves to vacate an arbitration award rendered in favor of subcontractor Vintage Flooring & Tile Inc. Under a separate index number, Vintage moves to confirm the arbitration award.
Background
The underlying disputes stem from a construction improvement project for Best Buy retail store at Kings Plaza Mall. DCM, the general contractor for the project, entered into agreements with various subcontractors, including Vintage, for materials and work to be performed on the project.
The Arbitration between DCM and Vintage
On December 1, 2010, the parties entered into an agreement whereby Vintage was to provide labor and materials to DCM in connection with the Best Buy project. The agreement contained, inter alia, a mandatory arbitration clause. After certain controversies arose between the parties, DCM initiated arbitration by a demand filed May 13, 2011. On May 31, 2011, Vintage responded with an answer and counterclaims. Several hearings were conducted between February 14 and May 23, 2012, and upon the submissions by parties of voluminous exhibits, prehearing, post-hearing, and post-hearing reply briefs, Arbitrator Melvin J. Kalish rendered a decision on July 24, 2012, awarding Vintage $76,539.13, plus interest, and directed DCM to make payment within 20 days. The award indicated that the “mon *713 etary award to [Vintage] ... is intended to include all claims of [Vintage], its subcontractors and suppliers” and directed Vintage to, upon receipt of payment, “simultaneously provide to [DCM] or its counsel in form and substance acceptable for filing ... a Satisfaction of Mechanic’s Lien of the $207,000.00 Mechanic’s Lien.”
The 5 Brothers Action
Meanwhile, on September 23, 2011, 5 Brothers, Inc., another of the subcontractors on the Best Buy project, initiated an action (the 5 Brothers action) against DCM seeking, inter alia, judgment for unpaid amounts or foreclosure on its mechanic’s lien. 5 Brothers named, among other defendants, seven additional parties who had also filed mechanic’s liens against DCM in connection with the project, including Vintage. DCM filed its answer and counterclaim on October 20, 2011, and on November 15, 2011, Vintage filed cross claims for breach of contract, quantum meruit, foreclosure of its mechanic’s lien, account statement, and unjust enrichment against DCM, and cross claims for personal liability on the amount due and punitive damages against Brian Abbey, the sole member of DCM. In response, DCM answered and counterclaimed against Vintage for willful exaggeration of its mechanic’s lien. On October 24, 2012, DCM moved (a) to vacate the award of July 24, 2012 awarding $76,539.13 to Vintage, (b) for summary judgment dismissing Vintage’s lien claim, and (c) for summary judgment on its lien exaggeration claim. Vintage has not filed opposition papers.[1]
*714 Vintage’s Motion to Confirm the Arbitration
Not having received payment of the award, on September 21, 2012, Vintage moved to confirm the award in its separate proceeding (see Vintage Flooring and Tile Inc. v DCM of NY LLC, index No. 19094/2012). By papers dated October 31, 2012, DCM opposed Vintage’s motion, citing the pending 5 Brothers action and adopting all the arguments set forth in its motion to vacate filed in that action.
Discussion
DCM moves pursuant to CPLR 7511 (b) (1) (iii) to vacate and set aside the award, on the grounds that it is irrational, against public policy, and indefinite. DCM asserts that the award is irrational because (a) items were awarded to Vintage without proof or justification, and (b) it is based upon a willfully exaggerated mechanic’s lien. Furthermore, DCM argues, because the Arbitrator failed to address the amount DCM alleges is due to it under its willfully exaggerated lien claim, the award is indefinite and contrary to public policy as it precludes DCM’s recovery of treble damages.
Vintage has not filed papers opposing this motion. However, in its separate action, Vintage moves pursuant to CPLR 7510 to confirm the award. DCM opposes the motion, referencing the pending 5 Brothers action, incorporating its prior arguments, and reiterating that because the Arbitrator did not have the power to address its exaggerated lien claim, the award remains indefinite and incomplete.
The party seeking to set aside an arbitration award has the burden to show its invalidity (see Caso v Coffey, 41 NY2d 153, 159 [1976]). Where parties have voluntarily consented to arbitration, courts review awards with less scrutiny than they do awards made pursuant to compulsory arbitration (see Mount St. Mary’s Hosp. of Niagara Falls v Catherwood, 26 NY2d 493, 508 [1970]; Dahn v Luchs, 92 AD2d 537, 537 [2d Dept 1983]). Indeed, courts are reluctant to disturb arbitration awards (see Matter of Goldfinger v Lisker, 68 NY2d 225 [1986]). CPLR 7511 provides the four narrow grounds upon which an arbitration award may be vacated: if the rights of a party were prejudiced by “(1) corruption, fraud, or misconduct in procuring the award, (2) partiality of a supposedly neutral arbitrator, (3) the arbitrator exceeding his powers so that no final and definite award was made, or (4) failure to follow procedures provided by CPLR *715 article 75” (Matter of Matra Bldg. Corp. v Kucker, 2 AD3d 732, 733-734 [2d Dept 2003]). Upon the denial of a motion to vacate an award, a court should confirm it (see CPLR 7511 [e]). In support of vacatur, DCM claims both that the Arbitrator exceeded his powers and that the award is indefinite.
An arbitrator “ ‘ exceed [s] his power’ under the meaning of the statute where his ‘award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator’s power’ ” (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90-91 [2010], quoting Matter of New York City Tr. Auth. v Transport Workers’ Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]; see also Matter of Heifetz [Walker & Zanger], 227 AD2d 623, 624 [2d Dept 1996]). “An award is irrational only if there is no proof whatever to justify the award” (Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes, 89 AD3d 1094, 1095 [2d Dept 2011] [citation omitted]).
The law and policy of this state are clear that arbitrators are not bound by the principles of substantive law or rules of procedure governing the traditional litigation process (see Matter of Salco Constr. Co. v Lasberg Constr. Assoc., 249 AD2d 309, 309 [2d Dept 1998]), nor must they “make findings, specify the formula used in calculating the award, or indicate the bases for the award” (id.). “It is well established that an arbitrator is not required to justify his award” (Dahn v Luchs, 92 AD2d 537, 538 [1983]).
DCM argues that the award must be vacated as irrational because the Arbitrator denied several back charges to DCM involving cleaning work. Though the Arbitrator stated that there was credible evidence establishing that Vintage had performed the cleaning work, DCM asserts that no such evidence was offered and that such an unjustified decision amounts to irrationality.
DCM’s argument is unavailing. The Arbitrator, relying on “voluminous exhibits,” several witnesses, and multiple briefs, made determinations and found that DCM was liable for extra work performed by Vintage that was not covered in the original contract. The Arbitrator then examined individual claims of extra work alleged by Vintage, as well as claims by DCM for back charges requiring an offset to the award. In a thorough and well-reasoned decision, the Arbitrator found that some of DCM’s claims were supported by credible evidence, and some were not. Likewise, he found that some of Vintage’s claims were supported by credible evidence and some were not.
*716 DCM provides no evidence that the award was based on “no proof’ and thus irrational[2] (see Lancer Ins. Co. v Praxis Consulting, Inc., 15 Misc 3d 1109[A], 2007 NY Slip Op 50565[U] [Sup Ct, Nassau County 2007] [when a party fully participated in the arbitration and submitted evidence, an award was not irrational simply because the arbitrator lent more weight to one side over another]; Matter of Guarino v Allstate Ins. Co., 7 Misc 3d 1016[A], 2005 NY Slip Op 50631[U] [Sup Ct, Kings County 2005] [a party seeking vacatur did not establish that the award was based on “no proof’ when it fully participated in the hearing and submitted memos of law]; cf. Matter of Snowhite v Ashkenazi, 37 Misc 3d 1203[A], 2012 NY Slip Op 51863[U] [Sup Ct, Kings County 2012] [because a party was denied the right to be heard, present evidence, or question witnesses, the arbitration decision was only based on one side’s proof, was deemed irrational, and vacated]; Matter of Netsmart Tech., Inc. v Bright, 19 Misc 3d 1137[A], 2008 NY Slip Op 51053[U] [Sup Ct, NY County 2008] [arbitrator declined to receive discovery or conduct an evidentiary hearing, so the court vacated award because arbitrator exceeded his authority]).
DCM also claims that the award is irrational because it is based on an exaggerated mechanic’s lien, pointing to the disparity between the award amount of $76,539.13 and Vintage’s lien amount of $207,000. However, in light of the substantial documentary evidence, testimony, and briefs, which the Arbitrator used to determine the amount of the award, it cannot be said that the Arbitrator “irrationally” relied upon or endorsed Vintage’s lien.
In sum, DCM has not met its burden to show that the award is irrational (see Matter of McLaughlin, Piven, Vogel Sec., Inc. v Ferrucci, 20 Misc 3d 1114[A], 2008 NY Slip Op 51347[U] [Sup Ct, NY County 2008] [party claiming only sweeping generalizations and conclusory statements and failing to even provide a transcript of the hearing failed to meet its burden of proof]). Accordingly, DCM’s motion to vacate the award as irrational is denied.
DCM also argues that the award must be vacated as indefinite and contrary to public policy because the Arbitrator was without authority to address the willfully exaggerated lien claim, *717 thus precluding DCM’s recovery of treble damages. “To be final and definite, it is necessary only that the award resolve the dispute submitted in a manner that does not remit the parties to a new controversy or future litigation, and that unequivocally indicates their respective rights and obligations and what each must do” (Matter of Guetta [Raxon Fabrics Corp.], 123 AD2d 40, 44 [1st Dept 1987]).
“ ‘[A] distinction must be drawn between an arbitrator’s failure, on the one hand, to dispose of the controversy submitted . . . and his failure, on the other, to consider all of the issues of fact and law that a court would have to consider in order to properly dispose of the same controversy . . . The former renders an award not final and definite, and thus subject to vacatur under CPLR 7511 (b) (1) (iii); the latter amounts to a mere error of fact or law not judicially reviewable’ ” (Matter of Scott v Bridge Chrysler Plymouth, 214 AD2d 675, 676-677 [2d Dept 1995], quoting Guetta, 123 AD2d at 45).
Cases where an arbitration award has been deemed indefinite have involved awards clearly unresponsive to the disputes submitted to the arbitrators (see Matter of Scott v Bridge Chrysler Plymouth, 214 AD2d 675 [1995] [second arbitrator mistakenly thought first had awarded damages; thus it did not dispose of the controversy submitted to it — the computation of damages]; Matter of Teamsters Local Union 693 [Coverall Serv. & Supply Co.], 84 AD2d 609 [3d Dept 1981] [award indefinite because entirely unresponsive to question of what a weekly salary for a worker who works four days a week should be]). There is no evidence suggesting that the Arbitrator failed to dispose of the controversy submitted — here, the amounts due to both parties for extra cleaning work and back charges.
DCM argues that because the Arbitrator did not expressly address, and was without authority to rule on, the exaggeration claim, no decision on the issue was made, and the award incompletely resolves the issues before the court. Despite ambiguous opinions on the authority of an arbitrator to determine a claim of willful exaggeration of a lien,[3] this court finds that the issue is necessarily subsumed within the agree *718 ment to arbitrate and that, since no penalties are warranted, the Arbitrator’s award properly disposed of this issue, and it was within his authority to do so. Here, the Arbitrator clearly determined the issue before him and assessed the relative value of the parties’ claims and the validity of the underlying debt in making his decision. In rendering his award, he found Vintage’s claim meritorious, and therefore implicitly rejected the exaggeration claim (see Lien Law § 39 [if it is found that “a lienor has wilfully exaggerated the amount for which he claims a lien . . . his lien shall be declared to be void and no recovery shall be had thereon”]; see also Matter of Gasbarre v City of Rochester, 155 AD2d 943 [4th Dept 1989] [award not indefinite for not expressly addressing First Amendment claim when arbitrator found that employee was acting in his capacity as city employee, thus vitiating the First Amendment claim]). There is no indication in the very thorough discussion of the Arbitrator regarding the competing claims of DCM and Vintage that Vintage’s lien was willfully exaggerated. Rather, it is clear that each party contended its analysis of the work performed and the responsibility to pay the costs therefor was correct. The Arbitrator weighed the contentions of both sides and made findings well-supported by evidence and reason, implicitly finding meritorious Vintage’s lien. Notwithstanding DCM’s claim that a lien exaggeration claim may only be resolved by the court, in agreeing to arbitrate the dispute as to compensation under the contract, the parties effectively waived litigation of the viability of lien claims (cf. Wellbilt Equip. Corp. v Fireman, 275 AD2d 162, 165 et seq. [1st Dept 2000] [if a lien is discharged for procedural reasons, then the exaggeration claim is extinguished]). To permit parties who agree to arbitrate to then litigate the very issues necessarily determined by the arbitrator would contravene the well-established policy of the State of New York to encourage resolution of disputes by arbitration (see Matter of Smith Barney Shearson v Sacharow, 91 NY2d 39, 49 [1997]). DCM has not sustained its burden to establish a basis to vacate the award.
*719 Accordingly, DCM’s motion to vacate the award is denied, and the award is confirmed. The award instructs Vintage, upon receipt of payment, to simultaneously provide DCM with satisfaction of its mechanic’s lien. Upon such satisfaction, Vintage’s cross claim for foreclosure of its lien will become moot. Although once the lien is satisfied, the willful exaggeration claim will necessarily fall as unsupported by a lien foreclosure action (see Guzman v Estate of Fluker, 226 AD2d 676 [1996]). Here, the correct amount of the lien has already been determined in arbitration, thus precluding further litigation as to that issue, and DCM’s motion for summary judgment on its lien exaggeration claim must be denied. However, if DCM fails to make payment in accordance with this decision, Vintage may proceed to foreclose upon its lien. Accordingly, DCM’s motion to dismiss the cross claim is denied, pending payment of the award.
Conclusion
DCM’s motion to vacate the arbitration award is denied, and the award is confirmed. DCM’s motion for summary judgment dismissing Vintage’s cross claim to foreclose on its mechanic’s lien is denied, subject to DCM’s payment of the award, as directed, together with accrued interest, within 20 days of entry of this order. DCM’s motion for summary judgment on its willfully exaggerated lien claim is denied.

. Contrary to Kings County Commercial Division rules, this decision was rendered without oral argument as a result of confusion and delay caused when the attorney for Vintage failed to indicate that the motion to confirm, made upon a separate index number, was related to an action already before this court. Consequently, the action seeking confirmation was initially assigned to Justice Schmidt, and made returnable November 1, 2012. After the motion was properly transferred to Justice Demarest, the matter was adjourned twice with no appearance on the part of Vintage’s attorney, though counsel for Vintage was advised of adjournments. At the December 19, 2012 appearance, both motions were deemed fully submitted to be decided on the papers.
After submission, the court received correspondence from new counsel for Vintage, seeking an opportunity to submit responsive papers on the grounds that Vintage was prejudiced by the disbarment of Joseph J. Giordano, who initially appeared for Vintage. However, because subsequent to Mr. Giordano’s resignation from the bar on August 29, 2012, Vintage was represented by Christina J. Otto, Esq., who filed the order to show cause seeking confirmation of the award on October 18, 2012, and in light of the disposition of this *714 matter, Vintage has not been prejudiced so as to warrant the submission of additional papers.

. In support of its argument that there existed no basis for granting the award, DCM quotes from provisions of the award where the Arbitrator found insufficient evidence for certain claims of Vintage; however, in those instances, the Arbitrator went on to deny the relevant claims.

. There exists ambiguous authority addressing whether an arbitrator may even consider a willful exaggeration claim (compare Rudolph’s Women’s Apparel of Mt. Kisco, Inc. v Chiappinelli, 167 AD2d 379 [2d Dept 1990] [because appellant requested arbitrator to rule on willful exaggeration issue and award had a rational basis, arbitrator did not exceed power in issuing *718 award], with Executive Towers at Lido v Metro Constr. Servs., 303 AD2d 545, 546 [2d Dept 2003] [“the issue of the defendants’ alleged willful exaggeration of the subject liens . . . should be resolved at the trial of the defendants’ foreclosure”]; see also Guzman v Estate of Fluker, 226 AD2d 676, 678 [2d Dept 1996] [“The Legislature intended the remedy in Lien Law § 39-a to be available only where the lien was valid in all other respects and was declared void by reason of willful exaggeration after a trial of the foreclosure action”]).