Matter of Matrix Staten Is. Dev., LLC v BKS-NY, LLC (2022 NY Slip Op 02796)

Matter of Matrix Staten Is. Dev., LLC v BKS-NY, LLC

2022 NY Slip Op 02796

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2018-07149
 (Index No. 85029/18)

[*1]In the Matter of Matrix Staten Island Development, LLC, et al., petitioners-respondents, 
v
BKS-NY, LLC, appellant, et al., respondent.

Trenk, DiPasquale, Della Fera & Sodono, P.C. (Margreta M. Morgulas and Paul Hollander of counsel), for appellant.
Faegre Drinker Biddle & Reath, LLP, New York, NY (Marsha J. Indych and Kenneth J. Wilbur, pro hac vice, of counsel), for petitioners-respondents.

DECISION & ORDER
In a proceeding, inter alia, pursuant to Lien Law § 19(6) to summarily discharge certain mechanic's liens, BKS-NY, LLC, appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated May 14, 2018. The order, insofar as appealed from, granted those branches of the petition which were pursuant to Lien Law § 39 to vacate and discharge a mechanic's lien dated March 19, 2018, and filed by BKS-NY, LLC, and to direct the Richmond County Clerk's Office to vacate and discharge that lien.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the petition which were pursuant to Lien Law § 39 to vacate and discharge the mechanic's lien dated March 19, 2018, and filed by BKS-NY, LLC, and to direct the Richmond County Clerk's Office to vacate and discharge that mechanic's lien are denied.
In the order appealed from, dated May 14, 2018, the Supreme Court, among other things, granted those branches of the petition which were pursuant to Lien Law § 39 to vacate and discharge a mechanic's lien dated March 19, 2018, which had been filed by BKS-NY, LLC (hereinafter BKS), and to direct the Richmond County Clerk's Office to vacate and discharge that lien. BKS appeals from the order. We reverse the order insofar as appealed from.
"Pursuant to Lien Law § 39, the court may declare a lien void and deny recovery if
the lienor has willfully exaggerated the amount claimed" (Guzman v Estate of Fluker, 226 AD2d 676, 678). Where a lien has been declared void and discharged for wilful exaggeration, "[n]o such lienor shall have a right to file any other or further lien for the same claim" (Lien Law § 39). "A second or subsequent lien filed in contravention of this section may be vacated upon application to the court on two days' notice" (id.).
Here, the petition alleged that the subject lien had been filed after a prior lien for the same claim was discharged. However, the prior lien had not been declared void and discharged for willful exaggeration, but rather, was summarily discharged pursuant to Lien Law § 19(6) for failure to comply with Lien Law § 9 (see Matter of Matrix Staten Is. Dev., LLC v BKS-NY, LLC, ___ AD3d ___ [Appellate Division Docket No. 2018-04840; decided herewith]). Accordingly, contrary to the Supreme Court's conclusion, the subject lien did not violate the prohibition against a "second or [*2]subsequent lien" contained in Lien Law § 39, and dismissal on that ground was error. Under the circumstances, we reverse the order insofar as appealed from.
BARROS, J.P., BRATHWAITE NELSON, MILLER and WOOTEN, JJ., concur.

2018-07149 DECISION & ORDER ON MOTION
In the Matter of Matrix Staten Island Development,
LLC, et al., petitioners-respondents, v BKS-NY, LLC,
appellant, et al., respondent.
(Index No. 85029/18)

Motion by the appellant, inter alia, to strike stated portions of the petitioners-respondents' brief, on an appeal from an order of the Supreme Court, Richmond County, dated May 14, 2018, on the ground that they contain matter dehors the record or improperly raise issues for the first time on appeal. By decision and order on motion of this Court dated December 18, 2018, that branch of the motion which is to strike stated portions of the petitioners-respondents' brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the petitioners-respondents' brief is denied as academic.
BARROS, J.P., BRATHWAITE NELSON, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court